Opinion oí the Court.
THIS is an appeal from a judgment of the court be* low, on a caveat between two conflicting claims originating urídér the laws of this commonwealth, rendered in favor of the appellee, who was defendant below.
1. The first error assigned, questions the propriety of the decision of the court below, overruling a motion for a continuance. This motion was based on an affidavit made by the appellant’s agent, who appears to have conducted the „cause throughout. The affidavit does, in substance, show a necessity for amending the survey, for the purpose'of correcting what surveying was already done, and adding thereto some objects which the agent deposed he had directed the surveyor to lay down, and which the surveyor had omitted; also, that there existed more testimony, which was necessary to be taken, to identify some of the object's called for in the entries. . But, while it is admitted that this amendment to the survey and additional testimony arc material to the matters in controversy, the affidavit is nevertheless defective, and showed no good ground for ci continuance. Every such affidavit should show someprevious exertions, to obtain and procure the testimony wanted, and that the attempt had been rendered unsuccessful, from some cause not within the party’s control. This suit had been depending for years, and before pressed for trial. There had been numerous orders of survey, and the survey was made at least two years before; and there is no pretence that the party was ignorant of what was necessary to-be dono, or that the absent testimony could not have- been previously had. Indeed, wha,t may be deemed conclusive on this subject, is, the same affiant, about two-years before, had, for the purpose of procuring a continuance, made-an affidavit, stating substantially the same defect in the testimony and proof, and the same unsuccessful exertions to obtain what was necessary. Under such- circumstances of unaccountable negligence, the court below did right in refusing to continue the cause.
The entry,-or rather certificate of the appellant, is ip the following words:
Under the aots of Kentucky, granting lands to settlers, the settlement must be by the claimant himself, and pot by proxy,
“ Christian County Court, January 24th, 18031
“ 1023'. Rebecca Davis is entitled to 200 acres of land, by virtue of her having settled the same agreeable to an act of assembly, and located as follows, to wit: Lying in Christian county, on the waters of Spring creek, between Samuel Steele’s and Dunn Davis’ improvements, beginning at a stake in the barrens, running asputhwest-wardly course, to include her improvement.”
It is doubtful whether any possible proof could support this entry, owing to the call for “ a stake in the barrens.” If the call had been, “ beginning at a stake jn. the barrens, and including the improvement,?’ it might he plausibly contended, that by analogy to other cases determined in this court, the call for the stake should be disregarded, as immaterial, and not controlling in any manner the figure of the claim. But the locator has forbidden this, by the language employed, and has rendered the stake necessary as a key to the true position of the claim, by inserting the words, “ running a southwestwardly course?.” From the stake, the claim is to lie in a particular direction, and to include in its figure, somewhere, the improvement. The slake is, therefore, essential, and must be ascertained before any figure can be given. If such a stake was sliown to exist, there is no identification given, whereby it could be discriminated and known to be the one intended. Hence the doubt, whether any proof could sustain such a call. But as it is difficult to conceive how strong proof might be made with regard to such an object, and how remarkable and even notorious it might become, when standing as a solitary object in the barrens, it is not clear that such a call could not be sustained. We have, therefore, looked into the testimony, to see if we could find any thing about the stake there; but in the whole mass, including that excluded by the court below, there is not a syllable of proof on the subject.
2. Nor is there any identification of the spot where Rebecca Davis settled, although there is testimony with regard to her improvement. But a hare improvement bearing her name, will not answer, it must be a settlement, according to .previous decisions of this court, by herself, and not by proxy, that must be identified, when necessary as a locative call. The' claim of the appellant, then, could not be sustained: and we give *453 -this as an answer to the assignment of error which questions the propriety of excluding the depositions of the appellant, which was done on the trial. We have not thought it necessary to enquire whether the reasons for excluding them in the court below, wrere or were not tenable; for had they been admitted, the appellant would not have been in a better situation, and she lost nothing by their exclusion.
The court may decide a caveat on the merits of his he has not fil-edthestate-assembly; °
3; There is a remaining point in the cause, of more difficulty. The judgment of the court below was ren-de'red on the- merits against the appellant, when, as is contended, it ought to have been a dismission of the Caveat only, because the plaintiff in that court had filed xio statement of facts, as the act of assembly requires, Hence it is insisted, that the appellant could not have obtained judgment on the merits, and therefore ought not to be barred by such judgment.
The act of4he 31st of January 1811, ,(1 Dig. L. K. 2Í0,) provides, that “ in every caveat to be entered, where an appearance for the defendant shall be enter*ed, or the summons shall be returned executed, the plaintiff1 shall, before or during the term next succeeding such return or appearance entered, on pain of having his caveat dismissed,'' file a written statement of the facts on which he intends to rely; and the defendant shall, within sixty days thereafter, file a written statement of the facts on which he intends to rely.”
Does this provision disable the court from rendering judgment on the meri ts, if such statements are not filed ? We conceive not. These statements are not intended as an entire substitute for legal pleadings, but a specification of facts, for the benefit of the opposite party, on which he has a right to insist, and without Which he cannot be subjected, against his will, to a trial on the merits. But if he does not demand them, judgment may nevertheless be entered, as before the law. Suppose the legislature should require every person, in an action of assumpsit for goods, wares and merchandize, to file an account of items, on pain of having his suit dismissed, and the opposite side never should insist on it; would the court be precluded from rendering any judgment in his favor or against him, as before the law? We think not. A Caveat sets out the claim of the plaintiff, as well as that of his adversary, in order that they may be arrayed one against the other. In thjs *454 case, tbe caveat itself is minute and particular, and contains such allegations as would be sufficient in a bill in chancery, to put the validity of the respective claims in issue. No requisition of facts was made. The appel-lee did not require its dismission, because the appellant had failed to file such statement. This requisite, therefore, must be presumed to be waived. The ap-pellee had filed his facts, and was entitled to judgment, on hearing, on the merits of the claim of the appellant.
We, therefore, perceive no error in the judgment of the court below, and it must be affirmed with costs.