LOUIS HIPP vs. JAMES INGRAM — Appeal from Guadaloupe County.

An application for a new trial comes too late, after a motion in arrest of judgment has been overruled.

The provision of the statute which gives to a party the right, in a certain event, to testify in his own case before a justice of the peace, is equally appl. able to that case when tried on appeal in the district court.

The appellee sued the appellant and obtained judgment against him before a justice of the peace, but for a less sum than that claimed by him. From this judgment he appealed to the district court. The appellee in that court, Hipp, obtained two successive continuances on account of the absence of witnesses, and at the fall term, 1848, made a third application, which was overruled by the court. He then proposed to prove his case by his own oath, which the court refused to allow; and the appellant in that court recovered judgment for the amount of his original demand against the appellee, who thereupon moved in arrest of judgment. This motion being overruled, he subsequently moved for a new trial, which was also overruled, and he appealed to this court.

HANCOCK for appellant.

NEILL for appellee.

Mr. Justice WHEELER delivered the opinion of the court, Mr. Justice LIPSCOMB giving no opinion.

2

We find nothing in the record in this case to warrant the conclusion that the judge did not exercise a sound discretion in overruling the motion for a continuance.

It has been held, and no doubt rightly, that where a party has had repeated continuances granted to him, a further continuance may properly be refused, though he make oath that a material witness, who had been duly summoned, is absent and sick. [3 Munf. R. 219; 3 Litt. 450.]

The application for a new trial came too late, after a motion in arrest of judgment. [Acts 1846, p. 392, sec. 110.]

The provision of the statute which, in a certain event, gives a party the right to testify in his own case before a justice [Acts 1848, p. 174, sec. 17], is doubtless equally applicable to that case when tried on appeal in the district court. But, in the present case, the party does not appear to have complied with the prescribed condition, and his application was, therefore, rightly refused.

The several rulings of the court complained of, do not seem to us to present questions of sufficient difficulty or importance, to require a more particular examination.

We are of opinion that the judgment be affirmed.