Nelson, J.,
delivered the opinion of the Court.
*136 Tlie record does not disclose for wbat reason the judgment in this case was arrested. The motion in arrest is general, and specifies nothing. It is certainly the better, if not the only correct practice, in civil as ivell as criminal cases, formally to assign reasons in arrest of judgment upon the record, in support of the motion in arrest, so that the attention of the Court, in the first instance, may be at once directed to the alleged defect in the proceedings, and that the public, through all time, may, upon examination of the record, be informed as to the grounds of its action: See 2 Tidd’s Pr., 3 Am. ed., 918, m.; 3 Black. Com., 393, m.; Appendix, Ib., xi; State v. Wing, 32 Me., 581; 1 Waterman’s Archb. Cr. Pr., 671, 672.
The propriety, not to say necessity, of this practice, is more apparent when the cause is to be considered by a revising tribunal, whose attention should be directed at once to the reasons in arrest, assigned of record, instead of being compelled to make a critical, and often fruitless, examination of the record to find out the supposed defects.
The presentment charges that the defendant, in a public place, and in the presence and hearing of divers good citizens of the State, unlawfully uttered, published, and spoke the gross, scandalous, profane and blasphemous language therein stated, to the great scandal and common nuisance of all good citizens, &c. It was not necessary to set out the whole conversation in the presentment, but only so much of it as clearly describes the language used, and the useless et esteras in the presentment may be rejected as surplusage. The offense *137 was held to be indictable, in an able and exhaustive opinion by Judge Caruthers, in The State v. Graham, 3 Sneed, 134, 140, and no other citation of authorities is necessary.
Reverse the judgment, let the defendant be fined five dollars, with costs, and remand the cause under the Code, 5249.