Moses Greene, plaintiff in error, *vs*. The State of Georgia, defendant in error.

1. Objection that the names of certain grand jurors who found the bill of indictment are not set out in full, but only by the initials of the given names, and that the name of no prosecutor is indorsed on the bill of indictment, are matters of form merely, and if good at all, are cured by verdict, and are not good in arrest of judgment.
2. The evidence is ample to sustain the verdict of the jury, and the court properly overruled the motion for a new trial.

Criminal law. Jurors. Verdict. Before Judge Hall. Upson Superior Court. May Term, 1877.

Greene was tried for murder. The evidence for the state was, in brief, as follows: Thomas Lowe, the man killed, married Greene's daughter some two years before the homicide. To this defendant was very much opposed, and was several times heard to threaten Lowe's life. They lived, however, very near together, their doors being only a few feet apart. At the time of the homicide there was some cotton stored in Lowe's house, part of which belonged to him and part to his mother-in-law, defendant's wife. He took down that which belonged to him for his wife to use. Defendant's wife came in, saw it, and began quarreling, saying that he was treating her badly. She returned to defendant's house, continuing to grumble. Defendant began to curse Lowe, and told his wife to say no more about "the damned rascal." Lowe walked to the door and asked defendant the reason for cursing him. Defendant replied that "he told a damned lie about the cotton." Lowe denied it. Defendant repeated that Lowe "did act the damned rascal; that he had been watching him (Lowe) for a long time, and wanting to get hold of him." Lowe again denied telling a lie, and added that "after he told the truth about it, if he didn't believe it, he did not give a damn." Defendant thereupon ran from his house into Lowe's, where he had left his gun, and seized it. Lowe turned to see what he was doing; as he did so, defendant fired; the shot passed through Lowe's arm and

into his side; he died in a few hours. He was not seen to have any weapon. When shot, he turned to sit down. Defendant ran up to strike him, but was pushed off by his daughter. He then left. Since the killing defendant has been heard to say that he shot Lowe for nothing.

Defendant's evidence related mainly to his peaceable disposition, and the violent character of deceased. In his statement he claimed that deceased was advancing on him with a knife.

The jury found a verdict of guilty. Defendant moved in arrest of judgment and for a new trial. The latter motion was based chiefly on the ground of want of evidence to convict.

Both motions were overruled, and defendant excepted.

J. A. Hunt, for plaintiff in error.

F. D. Dismuke, solicitor general, by J. S. Boynton, for the state.

Jackson, Judge.

1. It was moved to arrest the judgment in this case upon two grounds: first, that the initials of one or more of the given names of the grand jurors who found the bill of indictment were used to designate them, the surname being set out in full; and, secondly, that no prosecutor's name appeared on the bill. The first exception was decided in 18 *Ga.*, 460; and the second is equally formal, and was cured by the verdict under the rule in the Code, §4629, and 22 *Ga.*, 75. Judgment should not be arrested on account of such mere formalities.

2. The verdict is fully supported by the evidence. It was a clear case of murder, and was fully proven.

Judgment affirmed.