FREEMAN *v.* RAILROAD.

*(Jackson.* June 21, 1901.)

1. NEW TRIAL. *Motion for, waived, when.*

A motion for new trial is waived when made at same time and in same record entry with motion in arrest of judgment. (*Post,* *p. 344.*)

Cases cited: Snapp *v.* Moore, 2 Overton, 236; Ins. Co. *v.* Crunk, 91 Tenn., 378.

2. DAMAGES. *For death, how distributed.*

Damages recoverable for the negligent killing of a person pass, in the absence of surviving widow or children or father, as other personalty, under the laws relating to the distribution of decedents' estates, to the mother and brothers and sisters of the deceased. Hence, in a case averring absence of widow, children, and father, and survivorship of mother, brother, and sister, it was not error to admit proof of the existence of the brother and sister. (*Post. pp. 334, 335.*)

Code construed: §§ 4025–4029, 4172 (S.); §§ 3130–3134, 3278 (M. & V.); §§ 2291–2293, 2429 (T. & S.)

Cases cited: Railroad *v.* Bean, 94 Tenn., 395; Loague *v.* Railroad, 91 Tenn., 461.

3. FELLOW-SERVANT. *Who are not.*

The members of a bridge crew, whose duties were to repair bridges, trestles, etc., on a line of railroad, operating for that purpose a construction train, are not fellow-servants of the conductor and engineer of a freight train operating on such road. (*Post, p. 346.*)

Cases cited: Railroad *v.* Carroll, 6 Heis., 347; Railroad *v.* DeArmond, 86 Tenn., 73; Taylor *v.* Railroad, 93 Tenn., 307.

4. CONTRIBUTORY NEGLIGENCE. *Does not exist, when.*

A member of a bridge crew, crushed by a backing switch train, while engaged in loading heavy timbers on a car of the construction train, standing on a sidetrack, is not guilty of contributory negligence, by reason of his failure to look and listen

Freeman *v.* Railroad.

for the approach of the switch train, or by reason of his occupying the track while at work, that being the most effective and convenient method of conducting it. (*Post, pp. 346, 347.*)

5. PROXIMATE CAUSE. *What is.*

The rapid and reckless backing of a freight train against cars standing on a side track, without signal and warning, thereby crushing and killing a member of a bridge crew, engaged in loading a construction car on said track, is the proximate cause of the injury, and not the mere fact of the deceased's presence on the track. (*Post, pp. 346, 347.*)

Case cited: Taylor *v.* Railroad, 93 Tenn., 312.

6. MASTER AND SERVANT. *Master's duty as to place to work.*

The servant has the right to assume that he would be given a safe place to work, and that it would be kept safe while he was engaged. (*Post, p. 347.*)

7. MEASURE OF DAMAGES. *Recoverable for death.*

The measure of damages recoverable for the negligent killing of a person is (1) such as the deceased would have been entitled to if he had survived; (2) such as the parties suing would have been entitled to in their own right. Next of kin cannot recover for their own physical suffering and mental anguish resulting from the death. (*Post, p. 348.*)

---

FROM WEAKLEY.

---

Appeal from Circuit Court of Weakley County. W. H. SWIGGART, J.

JOSEPH E. JONES, A. A. HORNSBY, and FENTRESS & COOPER for the Railroad.

R. E. MAIDEN and F. P. HALL for Freeman.

WILKES, J.    This is an action for damages for personal injury resulting in the immediate death of B. T. Robertson.    It is brought by his administrator, for the benefit of his next of kin, who are stated to be his mother and brother and sister. There was a trial before the Court and a jury, and a verdict and judgment for $1,999, the amount sued for, and the Railroad Company has appealed and assigned errors.    While quite a number of errors are assigned, only a few of them are material or need be considered.

The facts necessary to be stated are, that Robertson was in the employ of the road as one of a bridge crew, whose duty it was to go up and down the road repairing bridges, trestles, etc.    It was necessary, in the discharge of his duties, to load and unload timbers and lumber along the line of the road.    It appears that on the morning of the accident the deceased, with several others, was engaged in loading timbers upon a flat car at Obion Station.    Three or four box cars were attached to the flat car, and they were standing upon a side track about thirty feet north of where it was crossed by Main street, one of the most public thoroughfares in the town.    The crew was in charge of a *pro tem* foreman named Burton.    The timber being loaded was quite heavy, some being fourteen feet long and twelve inches square.    Two of the laborers stood upon the flat car to receive the timbers, and others stood upon the ground to

push and lift them up. They were not furnished with any skids, and, having to lift the heavy timbers, it was easier to raise them up and push them on the car from the end than from the side.

While the deceased, with some others, was standing between the tracks, in front of the car loading timbers from the end, a local freight backed in on the track on which the flat car and box cars were standing, for the purpose of coupling to them. This train came in at a rapid and unusual rate of speed, without warning or signal, and struck the box cars with violence, and caused them to push the flat car back against the deceased, running over him and crushing him, as he was engaged in the act of loading a piece of timber on the flat. The view of the deceased, as well as the other hands engaged in loading was obstructed by the box cars, which intervened between them and the incoming train, so that they did not know of its approach. It seems that the train struck the standing cars with such force as to derail the south end of the flat car by knocking it off the track about five feet, or it was thrown off by running over the deceased. The evidence is quite clear that the conductor and engineer of the train knew that these parties were engaged in loading the flat car, and it is also clear that the bridge crew had no connection with the employes operating the train.

We are of opinion the appellant is not in position to question the findings of the jury upon the evidence.

Freeman *v.* Railroad.

It appears that its motions for a new trial and in arrest of judgment were made at the same time and in the same motion. A motion for a new trial and in arrest of judgment cannot be made together and at the same time, and a motion in arrest of judgment is a waiver of a motion for a new trial. *Snapp* v. *Moon*, 2 Overton, 236; *Ins. Co.* v. *Crunk*, 7 Pick., 378. But it is not seriously insisted that there is no evidence to support the verdict so far as the negligence of the company is involved, but the defense is on other grounds.

The declaration avers that the deceased left no widow or children or father surviving him, but left a mother, brother and sister. The contention was made in the Court below, and in this Court, that the mother was the next of kin to the defendant, and that it was error to allow the plaintiff to show that deceased had a brother and sister, as they could have no interest in the recovery, and that the fact that there was a brother and sister induced the jury to give greater damages than they otherwise would have given.

We think that the conclusion is hardly warranted upon any reasonable hypothesis, and cannot see that the fact would have at all increased the amount of damages awarded, and such assumption is not well grounded.

The action in the case is based on the provisions of the statute (Shannon, Sections 4025 to 4029 inclusive). These sections prescribe the persons for

whose benefit the action may be brought, and in substance that the right of action vests primarily in the widow, next in the children, or in the personal representative for the benefit of the widow or next of kin.

It has been held that, if no widow or children survive, then the right of action belongs to the father, or the personal representative, for the use and benefit of the father, as next of kin. *Railroad* v. *Bean,* 10 Pick., 395, 396.

The Judge was of opinion these sections of the Code should be construed in connection with and in the light of the statutes relating to the distribution of estates. Subsection 5 of Section 4172 provides that, in the distribution of personal estates: "If there is no father, the property shall go to the mother and brothers and sisters, or the children of such brothers and sisters representing them, equally, the mother taking an equal share with each brother and sister."

We think this is the proper view of the statutes. The recovery, when realized, becomes personal property, and follows the usual course of distribution of personalty. *Loague* v. *Railroad,* 7 Pick., 461; *Railroad* v. *Bean,* 10 Pick., 388. The parties who are entitled to take under the statutes of distribution are, in the contemplation of the other statutes, the next of kin, and there was no error in allowing evidence to show that there was a brother and sister of the deceased, as well as a mother.

We think the deceased was not a fellow-servant with the conductor and engineer of the train. They were in separate and independent departments. They had no connection with each other in their work and duties. *Railroad Co.* v. *Carroll*, 6 Heis., 347; *Railroad Co.* v. *DeArmond*, 2 Pick., 73. It has been held that a car inspector is not a fellow-servant with the crew of a switch engine in the same yard, although it was his duty to inspect the cars pulled around and about by the engine, and have cars placed for repairs. *Taylor* v. *Railroad Co.*, 9 Pick., 307. The bridge crew had nothing to do with the operation of the trains. The train men had nothing to do with the bridge crew. Their duties and labors were entirely distinct and separate. But it was the duty of the deceased, as well as the other members of the bridge crew, to load their timbers, and they were so engaged when the injury was done.

It is said that the deceased was guilty of contributory negligence in placing himself in front of the car which was being loaded, and between the tracks, instead of standing at the side of the car and placing the timbers from that position. The charge left it to the jury to pass upon the question of contributory negligence and proximate cause. But we do not think that this contention is well made. It is shown that, owing to the size and weight of the timbers, it was much easier to load them from the end than from the side of the car. The train hands knew that this car was being loaded, and that

the bridge crew was engaged in the work. There was no care taken in backing down to the standing cars. The speed was rapid, not to say reckless. There was no signal nor warning given of any kind. The deceased thought himself in a place of safety, and was, but for the negligent acts of the train men.

The obligation to look and listen, in the sense in which that duty is placed upon persons who enter upon the tracks of a railroad, was not applicable in this case. The deceased could not look and listen, and, at the same time, load the cars. He had the right to assume that he would be given a safe place to work, and that it would be kept safe while he was engaged. Moreover, his being at the end of the car and between the tracks was not, under the evidence in this case, the proximate cause of the accident, but the rapid, reckless running of the train back upon the standing cars, without signal or warning. With proper care and caution on the part of the train hands, the coupling could have been made without risk or damage to the deceased. *Taylor* v. *Railroad*, 9 Pick., 312.

It is said that the Court should have charged the jury that the mother and brother and sister of the deceased were not entitled to the wages of deceased as a matter of law, and that they were not dependant upon him in a legal sense. It is only necessary to say that no such claim was made in the declaration, and damages were not sought upon this ground.

Evidence was introduced to show the earning capacity of the deceased, and, without any objection, it was shown that he supported his mother, and the witnesses were cross-examined upon this point, and no exceptions were made to the evidence.

The damages recoverable in such case are those which the deceased would have been entitled to had he survived, as well as those which the parties suing would have been entitled to in their own right. It does not appear that anything more was allowed than would have been recoverable in right of the deceased, and the recovery is small compared to the injury done, and the reckless manner in which it was done.

We think that the general charge sufficiently instructed the jury that they could give no damages for the physical suffering or mental anguish of the next of kin. It was not insisted that damages could be awarded for this, and there is no evidence that it was taken into consideration by the jury.

We have not commented on the several requests separately, but would simply say that the charge is full and accurate upon the material features of the case, and the special requests were not material and some of them not correct, and we see no error in the proceedings and the judgment of the Court below, and the judgment is affirmed with costs.