HALL *v.* STATE.

(*Jackson.*   April Term, 1903.)

1. **PRACTICE.** Arrest of judgment. Motion in, waives subsequent motion for new trial.

A motion for a new trial should precede a motion in arrest of judgment which being in the nature of an advanced step in defense, under well settled rules of pleading and practice, waives that which should have gone before. (*Post, pp:* 366-368.)

Cases cited and approved: Snapp v. Moore, 2 Tenn., 236; Ins. Co. v. Crunk, 91 Tenn., 376; Freeman v. Railroad, 107 Tenn., 340.

2. **SAME.** Same. Case in judgment.

Following the entry of the verdict of conviction, the record contains the following recital: "Comes now the defendant and moves the court in arrest of judgment and for a new trial, which motion being heard was overruled." *Held*:

1. It is an incorrect practice to enter and have acted upon these two motions at the same time.

2. It will not be presumed that the motion for a new trial was made and overruled before the motion in arrest was entered and acted upon.

3. That the legal effect of the waiver of the motion for a new trial by a motion in arrest so entered, is to confine the supreme court to error apparent on the face of the record. (*Post, p.* 368.)

3. **SAME.** Same. Motion in, must specify the errors complained of.

A motion in arrest of judgment should state concisely the defects complained of and the ruling of the lower court upon a general motion in arrest, failing to point out the matters complained of, can not be reviewed in this court on appeal. (*Post, p.* 369.)

Hall v. State.

Cases cited and approved:    Corn v. Brazleton, 2 Swan., 272;
State v. Steele, 3 Heisk., 135.

FROM OBION.

Appeal in error from Circuit Court of Obion County.
—R. E. MAIDEN, Judge.

SWIGGART & SPRADLIN, and RICE A. PIERCE & SON, for
Hall.

CHARLES T. CATES, JR., Attorney-General, for the
State.

MR. CHIEF JUSTICE BEARD delivered the opinion of the
Court.

There was in this case an indictment and conviction
for keeping a house of prostitution, to the common nui-
sance of the community.   A motion for a new trial and
in arrest of judgment was made.   This having been
overruled, the defendant appealed, and has assigned er-
rors upon the action of the trial judge.

The practice in this State is well settled that a motion
in arrest of judgment made before a motion for a new
trial waives the latter motion.   This is upon the ground

that in regular order the latter motion precedes the former, and the making of the motion in arrest, being in the nature of an advanced step, waives that which, in pleading, should have gone before. *Snapp* v. *Moore,* 2 Tenn., 236; *Ins. Co.* v. *Crunk,* 91 Tenn., 376, 23 S. W., 140; *Freeman* v. *Railroad,* 107 Tenn., 340, 64 S. W., 1.

Upon examination it will be found that this rule is recognized and enforced by many courts of high authority. *Cincinnati* v. *Case,* 122 Ind., 310, 23 N. E., 797; *Hall* v. *Nees,* 27 Ill., 411; *Craig* v. *Miss. Mills,* 12 Mo. App., 585; *Candler* v. *Hammond,* 23 Ga., 493; *Hipp* v. *Ingram,* 3 Tex., 17; *Respublica* v. *Lacaze,* 2 Dall., 118, 1 L. Ed., 313.

In his work on General Practice, Judge Elliott (volume 2, sec. 995) says: "The right to move for a new trial may be waived by agreement in advance, or by inconsistent acts, or by neglecting to take the proper steps. Thus it has been held moving in arrest of judgment before moving for a new trial is a waiver of the latter motion." In support of this text, many cases are cited by the author.

In this State, the rule goes back, at least, to 2 Overton's Reports. It is true opinions heretofore published have been delivered in civil cases, yet this has not indicated that the application of the rule was not equally proper in criminal cases. There is the same necessity for orderly procedure in the latter as in the former cases, and no reason can be assigned why the practice in this regard should be different in the two

classes. In Texas, the rule was of legislative as well as judicial recognition, and was enforced in criminal as well as in civil cases (*State* v. *Mann,* 13 Tex., 62), and it existed until that State adopted its Code of Criminal Procedure, and changed it so far as the former class of these cases was concerned. *Mathews* v. *State,* 33 Tex., 102.

And it is an incorrect practice to enter and have acted upon these two motions at the same time. *Freeman* v. *Railroad,* supra. One or two courts have held that these two motions may be pending at the same time, and, if there is nothing to the contrary, it will be presumed that they were ruled upon in their proper order. Volume 1, sec. 995, Elliott, Gen. Practice. But this presumption, even if tolerated in this State, could not be indulged in in this record. It cannot be presumed that these two motions were made and were pending together. The recital is: "Comes the defendant and moves the court in arrest of judgment and for a new trial, which motion being heard is overruled." Evidently there was a single motion embracing two distinct, if not incongruous, matters of procedure, and invoking the judgment of the trial judge upon it. In addition, even if this was construed as an equivalent of recital of the two motions, yet it could not be presumed that they were disposed of in proper order; for, from the statement of the record just given, we think the necessary inference is that the motion in arrest was first made, and, being so made, was disposed of first.

The legal effect of the waiver of the motion for new trial is that the court is confined to error assigned upon the face of the record.

In addition, the motion in arrest should state concisely the defects complained of, or the ruling of the lower court upon such motion, it is held, cannot be reviewed on appeal. *Noyes* v. *Parker,* 64 Vt., 379, 24 Atl., 12; *People* v. *Dick,* 37 Cal., 277; *State* v. *Wing,* 32 Me., 581; *Vandever* v. *Garshwiler,* 63 Ind., 186; *State* v. *Bryan,* 89 N. C., 531. Nor will the motion be entertained for mere matters of form. *Greene* v. *State,* 59 Ga., 859; *State* v. *Raymond,* 20 Iowa, 586; *Billings* v. *State,* 107 Ind., 55; *Corn* v. *Brazleton,* 2 Swan, 272. This court has held that this was the better, "if not the only correct practice." *State* v. *Steele,* 3 Heis., 135.

A motion in arrest is much in the nature of a demurrer which goes to defects upon the face of the pleadings, and this common-law ruling requiring the motion in arrest to point out to the trial court matters complained of is in accordance with the spirit of our legislation as to demurrers. The general demurrer prevailed for many years in this state, but it was finally condemned as a vicious practice, in that it laid a trap for trial courts and for adversary counsel. So the Code of 1858 abolished it, and provided that the demurrer must specify the defects relied on.

We think a general motion in arrest is equally objectionable, and should be discountenanced.

It follows, from what has been said, that the judgment of the lower court is affirmed.