Railroad v. Brown.

TENNESSEE CENTRAL RAILROAD COMPANY *v.* T. W. BROWN, *Admr., etc.*

(*Nashville.*   December Term, 1911.)

1. DEATH.   Declaration for wrongful death must aver the existence of a beneficiary or beneficiaries of one of the classes for whose use action is preserved by statute.

In an action for the death of one caused by the negligence or wrongful act of another, brought under the statute providing that such actions may be brought for the benefit of the surviving husband, wife, child, or next of kin of the decedent, the declaration must aver not only the negligence and wrong causing the death, but also the existence of a beneficiary or beneficiaries of one of the classes for whose use the action is preserved by the statute.   (*Post, pp.* 355, 356.)

Cases cited and approved:   Railroad v. Lilly, 90 Tenn., 563; Railroad v. Pitt, 91 Tenn., 90;  Love v. Railroad, 108 Tenn., 104; Railroad v. Maxwell, 113 Tenn., 473.

2. ARREST OF JUDGMENT.   Motion must distinctly state and specify the supposed defect in the declaration.

It is a long standing and well-established rule, in both civil and criminal cases, that a motion in arrest of judgment must distinctly state and specify the supposed defect in the declaration, and wherein its averments show, by the specified facts stated or by its failure to state certain specified facts, that the plaintiff is, under the law, not entitled to maintain his suit, so as to challenge the attention of the plaintiff and that of the court directly to the specific objection relied on.   (*Post, pp.* 356-359.)

Cases cited and approved:   State v. Steele, 3 Heisk., 135; Hobbs v. Railroad, 9 Heisk., 878; Hall v. State, 110 Tenn., 369; State v. Wing, 32 Me., 581; Noyes v. Parker, 64 Vt., 379; People v. Dick, 37 Cal., 277; State v. Bryan, 89 N. C., 531; Vandever v. Garshwiler, 63 Ind., 186.

Railroad v. Brown.

3. **SAME.** Same. Motion upon the stated ground that no cause of action was stated in the declaration is insufficient; case in judgment.

In an action by an administrator for the recovery of damages for the death of his intestate, caused by the wrongful act and negligence of the defendant, a motion in arrest of judgment, made upon the stated ground that no cause of action was alleged in the declaration, was *held* to be insufficient, in that it did not specifically point out the failure of the declaration to aver the existence of any statutory beneficiary entitled to the recovery, and for whose use the action was prosecuted. (*Post, pp.* 354, 355, 357-359.)

4. **PLEADING AND PRACTICE.** Declaration may be amended after motion in arrest of judgment, where the ends of justice require it.

Under the statute (section 4583 of Shannon's Code), providing that no writ, pleading, process, return, or other proceeding in any civil action in any court shall be abated or quashed for any defect, omission, or imperfection, and under another statute (section 4587 of Shannon's Code), providing that the court may allow material amendments at any stage of the proceeding, upon such terms and subject to such rules as it may prescribe, the trial court may permit a declaration to be amended to meet the ends of justice, even after a motion in arrest of judgment has been made, and the refusal of such amendment may constitute reversible error. (*Post, pp.* 359, 360.)

Code cited and construed: Secs. 4583, 4587 (S.); secs. 3574, 3578 (M. & V.); secs. 2863, 2867 (T. & S. and 1858).

Case cited and approved: Love v. Railroad, 108 Tenn., 104.

5. **SAME.** Same. Amendment of declaration to cure defect supplied by proof may be allowed after motion in arrest of judgment, when; case in judgment.

Where the omission of material facts in the declaration constituted such defect as to furnish ground for arrest of judgment upon proper motion, and such facts were proved on the

Railroad v. Brown.

trial, without objection, the trial court may allow the declaration to be amended so as to prevent a miscarriage of justice, even after a motion in arrest of judgment is made pointing out such defect so supplied by the proof without objection; as, where the declaration in the administrator's suit to recover damages for the wrongful death of his intestate failed to aver the existence of any statutory beneficiary, but the proof showed the existence of such beneficiary, the trial court should allow an amendment curing such defect, upon a motion in arrest of judgment pointing out the same. (*Post, pp.* 359, 360.)

Case cited and approved: Love v. Railroad, 108 Tenn., 104.

6. **SAME. Amendment of declaration after entry of judgment, where justice requires it.**

A declaration may be amended where justice requires it, even after entry of judgment; for the trial court may set aside the judgment for that purpose, in a proper case, at any time before final adjournment. (*Post, p.* 360.)

7. **SAME. Upon allowing amendment, new trial may be granted, when.**

If the matter of the amendment is controverted in a proper manner, the trial court may set aside the verdict, grant a new trial, and upon such other terms as seem meet and just under the facts. (*Post, p.* 360.)

8. **SAME. Amendments in supreme court to prevent failure of justice.**

In some cases, although rare, amendments will be allowed in the supreme court, to prevent a failure of justice. (*Post, p.* 360.)

Case cited and approved: Martin v. Bank, 2 Cold., 335.

9. **DEATH. One beneficiary as administrator recovering damages for wrongful death recovers as trustee for all beneficiaries.**

The father of a decedent, as administrator of his estate, is entitled to recover damages for the death of his intestate, caused by defendant's negligence, although there may be beneficiaries other than himself; for his recovery is as trustee for the real beneficiaries under the statute. (*Post, p.* 360.)

125 Tenn.—23

FROM SMITH.

Appeal from the Circuit Court of Smith County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—C. E. SNODGRASS, Circuit Judge.

H. M. HALE, W. V. LEE and WALTER STOKES, for Railroad.

FISHER & FISHER, B. A. BUTLER and JOHN J. GORE, for Brown.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

The plaintiff, T. W. Brown, as administrator of A. O. Brown, deceased, brought this suit in the circuit court of Smith county to recover damages for the death of his intestate, caused by the wrongful and negligent conduct of the defendant railroad company. The declaration contains two counts, both of which state a good cause of action against the defendant, with the exception that there is no averment in either of them that the intestate left him surviving a widow, child, or next of kin for whose benefit the action is prosecuted. The defendant pleaded the general issue of not guilty.

There was a trial, resulting in a verdict in favor of the plaintiff. A motion for a new trial was made and over-ruled. A motion in arrest of judgment was afterwards made in these words: "The defendant, by its attorney, then moved the court to arrest the judgment, upon the ground that no cause action is alleged in the declaration."

This was also overruled, and judgment then entered upon the verdict in favor of the plaintiff as adminis-trator of the decedent.

The defendant prosecuted an appeal in the nature of a writ of error to the court of civil appeals, and assigned several errors, all of which were determined against it, except one predicated upon the action of the trial judge overruling its motion in arrest of judgment, which was sustained, the judgment reversed, and the suit dismissed. The case is now before this court upon a petition for *certiorari* to review this action of the court of civil appeals.

The statutes of this State, upon which this suit is predicated, abrogate the rule of the common law that all rights of action for the death of one caused by the negli-gence or wrongful act of another abate and are extin-guished by the death of the injured person, only in cases where the husband or wife, child, or next of kin survive the decedent, for whose use the cause of action which the decedent would have had, had not death ensued, is con-tinued and preserved, and may be prosecuted to judg-ment. Where there are no such surviving relatives, the

common law remains unchanged, and no action in such cases can be maintained.

Therefore, in order to present a good cause of action to recover damages for the death of another, the plaintiff must aver in his declaration, not only the negligence and wrong causing the death of the decedent, but the existence of a beneficiary, or beneficiaries, of one of the classes for whose use the action is preserved. *Railroad Co.* v. *Lilly,* 90 Tenn., 563, 18 S. W., 243. The averment of beneficiaries is as much one of substance as that of the negligent and wrongful act resulting in death. This court has repeatedly held that the declaration in cases of this character must contain averments of the existence of a beneficiary, or beneficiaries, of one of the classes provided for by the statutes, the name or names of such beneficiary, or beneficiaries, and that the action is brought for their use, and that in the absence of such averments, a demurrer to the declaration, or a motion in arrest of judgment, will be sustained, unless the omission be cured by proper and seasonable amendment. *Railroad Co.* v. *Maxwell,* 113 Tenn., 473, 82 S. W., 1137'; *Railroad Co.* v. *Pitt,* 91 Tenn., 90, 18 S. W., 118; *Love* v. *Railway Co.,* 108 Tenn., 104, 65 S. W., 475, 55 L. R. A., 471.

The sole question, then, that we have for determination, is whether the motion in arrest of judgment, made for the defendant in the trial court, sufficiently pointed out the omission of an averment in the declaration of the existence of a beneficiary, or beneficiaries, entitled to recover, and for whose use the suit was prosecuted.

Railroad v. Brown.

We are of the opinion that it was not sufficient to require the action of the court favorable to the defendant. A motion in arrest of judgment must distinctly state and specify the supposed defect in the declaration, and wherein its averments show or fail to show that the plaintiff is, under the law, not entitled to maintain his suit, so as to challenge the attention of the plaintaiff and that of the court directly to the objection relied on. This rule is of long standing and well established in this State. It is applied and enforced in both civil and criminal cases. In the case of *State* v. *Steele*, 3 Heisk., 135, it is said:

"The record does not disclose for what reason the judgment in this case was arrested. The motion in arrest is general, and specifies nothing. It is certainly the better, if not the only correct, practice, in civil as well as criminal cases, formally to assign reasons in arrest of judgment upon the record, in support of the motion in arrest, so that the attention of the court, in the first instance, may be at once directed to the alleged defect in the proceedings, and that the public, through all time, may, upon examination of the record, be informed as to the grounds of its action. See 2 Tidd's Pr. (3 Am. Ed.), 918, note; 3 Black. Com., 393, note; Appendix, Id., xl; *State* v. *Wing,* 32 Me., 581; 1 Waterman's Archb. Cr. Pr., 671, 672."

In *Hall* v. *State,* 110 Tenn., 369, 75 S. W., 717, Mr. Chief Justice Beard, speaking for the court, said:

"In addition, the motion in arrest should state con-

cisely the defects complained of, or the ruling of the lower court upon such motion, it is held, cannot be reviewed on appeal. *Noyes* v. *Parker*, 64 Vt., 379, 24 Atl., 12; *People* v. *Dick*, 37 Cal., 277; *State* v. *Wing*, 32 Me., 581;. *Vandever* v. *Garshwiler*, 63 Ind., 186; *State* v. *Bryan*, 89 N. C., 531. . . . This court has held that this was 'the better, if not the only correct, practice.' *State* v. *Steele*, 3 Heisk., 135.

"A motion in arrest is much in the nature of a demurrer, which goes to defects upon the face of the pleadings, and this common law ruling, requiring the motion in arrest to point out to the trial court matters complained of, is in accordance with the spirit of our legislation as to demurrers. The general demurrer prevailed for many years in this State, but it was finally condemned as a vicious practice, in that it laid a trap for trial courts and for adversary counsel. So the Code of 1858 abolished it, and provided that the demurrer must specify the defects relied on." *Hobbs* v. *Railroad Co.*, 9 Heisk., 878.

The motion in this case does not comply with that rule. It does not point out the defect in the declaration relied on to arrest judgment. The mere statement, "that no cause of action is alleged in the declaration," invites the court to a consideration of the entire pleadings, and may relate to any averment which would defeat the action, or the failure to aver innumerable facts that might be required to make out a cause of action. The court is not required to accept this invitation. It is the duty of counsel, if he conceives that a defect exists which does

injustice to his client, to distinctly point it out in the motion. All rules of practice are intended to promote the administration of justice, and are enforced for that purpose, and not to defeat it. It would be unfair and unjust to plaintiffs to allow the objection relied on to be made in such form as not to notify them of it, and, when overruled by the court, to be assigned as error in an appellate court, where it cannot be remedied. This case forcefully illustrates the injustice that would follow such a practice. If the defect here complained of had been pointed out and called to the attention of the plaintiff, and that of the court, by specific objection, the declaration could and doubtless would have been amended, and a miscarriage of justice avoided, because it had been proven on the trial, without objection, that the decedent was the son of the plaintiff and unmarried, and, in the absence of a widow or children, plaintiff would be entitled to the recovery.

Amendments are liberally allowed to meet the ends of justice. It is provided by Code, section 2863 (Shannon's Ed., section 4583), that no writ, pleading, process, return, or other proceeding in any civil action in any court shall be abated or quashed for any defect, omission, or imperfection, and by section 2867 (Shannon's Ed., section 4587) that the court may allow material amendments at any stage of the proceeding, upon such terms and subject to such rules as it may prescribe.

It has been held error for the trial court to refuse to allow an amendment of the declaration so as to aver the

existence of a beneficiary in an action of this kind. *Love* v. *Railway Co.,* supra.

The judgment had not been entered when the motion in arrest was made, and it was not too late for amendments. And, had it been entered, the court could have set is aside at any time before final adjournment; a proper case for such action being made to appear, for that purpose, justice requiring it. In some cases, although rare, amendments will be allowed in this court to prevent a failure of justice. *Martin* v. *Bank,* 2 Cold., 335.

No injustice would have been done the defendant by allowing the plaintiff to amend his declaration when the motion in arrest was made; for if the defendant desired to controvert the relation of the plaintiff to the decedent, or to show there was some one who had a prior right to the recovery, and this had been made to appear in a proper manner, the court would have set aside the verdict, granted a new trial, and imposed such other terms as seemed meet and just under the facts.

Nor is there anything in the objection that there may be other beneficiaries than the father entitled to the recovery. The defendant had an opportunity to prove this, but did not do so. The administrator also recovers as trustee for the real beneficiaries under the statute, and can be held to account to them, whoever they may be, for the proceeds of the judgment.

The judgment of the court of civil appeals is therefore reversed, and that of the trial court affirmed, with costs.