## CURTIS v. KYTE et al.

SMITH v. SAME (three cases).—106 S. W. (2d) 234.

Middle Section.   April 3, 1937.

Petition for Certiorari denied by Supreme Court, June 17, 1937.

George M. Dunn, of Johnson City, and Addison Barry, of Lebanon, for plaintiffs in error.

Jesse Cantrell, of Watertown, and T. B. Finley, of Lebanon, for defendants in error.

FAW, P. J. The four above-styled cases were heard together, by consent, in the circuit court of Wilson county, and have been brought to this court in one transcript and heard together here.

On a former day, a judgment was entered, pursuant to an opinion filed, striking these cases from the docket of this court, for the reason that it did not appear from the transcript of the technical record, or the record proper, that there was a judgment rendered or an appeal granted by the trial court in either of the cases.

Thereafter, in due season, W. H. Kyte and Ruth Kyte each filed a petition for a rehearing and for leave to suggest a diminution of the record, averring that there was in fact a judgment entered on the minutes of the trial court against W. H. Kyte and Ruth Kyte in each of the four cases, and also an appeal in the nature of a writ of error by Ruth Kyte from each of said judgments; but that said judgments and the said appeal of Ruth Kyte therefrom had been, by oversight and inadvertence of the clerk of the circuit court, omitted from the transcript of the record filed in this court.

These petitions are accompanied by a certified transcript of the portions of the record omitted from the original transcript as aforesaid.

The petitions of W. H. Kyte and Ruth Kyte for a rehearing and for leave to suggest a diminution of the record are granted, and our former judgment striking these cases from our docket is vacated and set aside. The supplemental transcript exhibited with the petition to rehear will be filed as a part of the transcript of the record in this court, and the judgments and rulings of the circuit court, in the particulars thereof sufficiently challenged by assignments of error, will be reviewed on the record.

About 4 o'clock in the afternoon of Sunday, June 16, 1935, there was a collision between two automobiles about 13 or 14 miles west of the town of Lebanon, Tennessee, and on the state highway leading from Lebanon to the city of Nashville. One of the two automobiles was being driven at the time of the collision by Hascal Smith, a plaintiff below, and the other by W. H. Kyte, a defendant below, and said automobiles will be accordingly designated herein as the Smith car and the Kyte car, respectively.

In addition to the driver (Hascal Smith), Mrs. J. W. Curtis, Hubert Smith, and Mrs. Hascal Smith were riding in the Smith car, and, as a result of the collision, the last-named three persons suffered personal injuries, for which they brought separate suits against W. H. Kyte and Ruth Kyte, averring that their injuries were caused by the negligence of W. H. Kyte in "driving and operating the automobile of Ruth Kyte" with her "knowledge and permission."

Hascal Smith was the owner of the Smith car, and he sued W. H. Kyte and Ruth Kyte for the injuries inflicted upon his car as a result of the collision.

The four cases were tried to a jury upon the issues made by a plea of not guilty to each of the plaintiff's declarations, and the jury found the issues in favor of all the plaintiffs and against both defendants, and assessed the damages of the plaintiffs, respectively, as follows: Hascal Smith, $100; Mrs. Hascal Smith, $100; Hubert Smith, $500, and Mrs. J. W. Curtis, $250; and judgments of the court were entered accordingly.

W. H. Kyte did not move for a new trial or in arrest of judgment; but Ruth Kyte filed a motion which appears to contain matters appropriate to a motion in arrest of judgment and other matters appropriate to a motion for a new trial. This motion of Ruth Kyte was overruled, and thereupon she prayed, obtained, and perfected an appeal in the nature of a writ of error to this court and has assigned errors here.

The "pauper oath" filed in lieu of a bond for the appeal to this court appears to be a joint oath of W. H. Kyte and Ruth Kyte; but the minute entry relating to the oath is (as copied into the transcript) so phrased that it is not clear whether the appeal in error was prayed by and granted to both of the defendants or Ruth Kyte alone.

But W. H. Kyte has filed the record in this court for writ of error, and it is stated in the brief of his counsel that he "did not appeal or appeal in error from said judgments." The case (as to W. H. Kyte) is, therefore, before this court on writ of error.

It may be said, in passing, that these cases (as they appear in the caption hereof) are not styled according to the usual practice. The positions of the parties should be reversed, as W. H. Kyte and Ruth Kyte are plaintiffs in error, and Mrs. J. W. Curtis, Hubert Smith, Mrs. Hascal Smith, and Hascal Smith are defendants in error; but, to avoid confusion in the matter of identification of the cases, we have conformed to the manner in which they have been heretofore entered on the dockets. However, as a matter of convenient reference herein, we will continue to designate the respective parties as plaintiffs and defendants according to their position on the record in the trial court.

The assignments of error of defendant W. H. Kyte are directed to the action (or rather, to the nonaction) of the trial court with respect to certain pleas in abatement filed by him (W. H. Kyte).

Defendant W. H. Kyte filed a plea in abatement of the writ in each of the four cases. These pleas are the same in each case. The substance of the first paragraph thereof is that he (defendant W. H. Kyte) is, and has been all of his life, a resident of Washington county, Tenn., and that, therefore, the circuit court of Wilson county has no jurisdiction over his person in these cases.

The remainder of each plea is as follows:

(2) "That at the time service of process in this cause was had

on defendant in said Wilson County, this defendant was in said Wilson County temporarily, and strictly as a witness for himself in a judicial proceeding hereinafter detailed, and that had it not been defendant was required to have been in Wilson County under process of law, he would not have been there at all, but would have remained in Washington County, where he resides and has resided all his life.

(3) ''That defendant was passing thru Wilson County on or about June 20, 1935, and that plaintiff, or those with whom he was riding in an automobile at the time, caused to be sworn out a criminal warrant from a Justice of the Peace of Wilson County, which warrant falsely charged this defendant with a crime against the laws of the State of Tennessee; that said Justice of the Peace, finally set said cause for hearing before him July 20, 1935, at Lebanon, Tennessee, and defendant was thus required to attend said trial. That he did so, and after said cause was fully heard, the Justice of the Peace dismissed the charge against this defendant, and no further attempt has been made to indict this defendant in the grand jury of Wilson County. That defendant was innocent of the charge made against him, and the Justice of the Peace so held, but that it was necessary defendant appear at the time said case was set for trial, and that at that time, and while he was in attendance at said trial, and before he could leave the court room where said justice held court, the process in this case was served upon him. Defendant alleges that he was immune from the service of such process by reason of his being compelled to attend said trial, and give evidence in his own behalf, and that he was entitled to a reasonable time in which to come and go to the place of trial, and was not allowed the same before the service of process on him in this cause. This defendant further alleges that the criminal charge brought against him was maliciously instituted, or was instituted without probable cause, and was frivolous, and was in fact instituted for the sole and only purpose of getting defendant in Wilson County, in order that plaintiff could have served upon him civil process in this cause. Defendant alleges that he was fraudulently brought into Wilson County, that the processes of the law were prostituted for the sole and only purpose of getting him away from his home in Washington County, and in Wilson County, in order that plaintiff, and three other persons who have instituted suits against this defendant, might get civil process served upon him. Defendant further alleges that at the time of the criminal trial referred to, it was admitted by some of the witnesses for the prosecutors, that the criminal charge made was unfounded, false, and frivolous, and was resorted to only for the purpose of getting him into Wilson County, in order to serve civil process upon him, and that plaintiff knew of the falsity of said charge and

its want of probable cause, and participated in said unfounded criminal prosecution, in order that he could have civil process served on this defendant, and to thereby be enabled to sue him away from his home and in Wilson County where this defendant is a total stranger, and without funds, friends, or witnesses as to his character.''

The record shows that the plaintiff in each case joined issue on said plea in abatement, but it does not appear that any consideration of said pleas by the trial judge or the jury was at any time invoked. In fact, there was no further reference to the pleas in abatement in the record.

Before the trial below the defendants W. H. Kyte and Ruth Kyte filed a joint plea in each of the four cases tendering the general issue—''that they are not guilty of the charges and allegations alleged in the plaintiff's declaration''—and the minutes of the trial court show that, ''after the jury was empaneled the plaintiff in person and by Attorneys, and the defendants by their attorneys, announced ready for trial. It was agreed by counsel representing the parties that the four cases above captioned, being predicated upon the same facts, could be consolidated and tried together and a proper verdict rendered by the jury in each case, when, after said agreement to so try the foregoing cases together, plaintiffs read their declarations, to each of which the defendants entered a plea of not guilty, whereupon the plaintiffs introduced their proof and afterwards announced that they had rested. The defendants then introduced their proof at the completion of which they announced that they rested, whereupon, the plaintiffs introduced their proof in rebuttal after which the taking of proof was closed. After argument before the Court and Jury by counsel representing all the parties to these causes the Court charged the jury the law in the several cases, after which charge the jury retired to consider of their verdict.''

The defendant W. H. Kyte's assignments of error filed in this court are as follows:

''(a) The Court erred in not sustaining said pleas in abatement in all four of the consolidated causes and dismissing the suits as to W. H. Kyte.

''(b) The Court erred in not holding that the issue joined thereon was in favor of the facts set up in said plea in abatement, or in instructing the jury to find the issue on said plea in abatement in favor of the plea; and in not submitting the issue raised thereon to the jury.

''(c) The Court erred in ordering a trial of the causes on the merits until said plea in abatement had been disposed of, either sustained or overruled, and in not dismissing said actions because

the plaintiffs had wholly failed to have set said plea down for argument and disposed of."

W. H. Kyte's pleas in abatement purported to tender three issues of fact, but they contained only one averment of fact which was sufficient in law to abate the actions.

■ ■ The averment that defendant W. H. Kyte is, and has been all of his life, a resident of Washington county, and never lived in Wilson county, tendered an immaterial issue, for the plea discloses the fact that the writ was served on him in Wilson county and there is no statement in the plea or suggestion in the record that he and the plaintiffs, or any of them, are, or were at any time, residents of the same county. It is elementary law that, in transitory actions the general rule is, that the right of action follows the person of the defendant; that is, he may be sued, and therefore the venue is "in any county in which he may be found." History of a Lawsuit (4th Ed.-Martin), page 49.

■ The defendant W. H. Kyte was not exempt from service of process in these civil suits because he was in Wilson county as a defendant in a criminal prosecution, unless the criminal prosecution was instituted in bad faith for the bare purpose of bringing him into Wilson county in order that such civil process might be there served upon him. Anderson v. Atkins, 161 Tenn., 137, 29 S. W. (2d), 248.

■ ■ As appears from the pleas hereinbefore quoted, W. H. Kyte averred that the aforesaid criminal prosecution was "instituted for the sole and only purpose of getting defendant in Wilson County, in order that plaintiff could have served upon him civil process in this case," etc. This was the only material averment in either of W. H. Kyte's pleas in abatement, and this averment tendered an issue of fact, which, upon issue joined by plaintiff, was properly triable by a jury, and, under the Code (section 8756), it would have been proper to try the issues upon the pleas in abatement and the pleas in bar to the jury at the same time. Cincinnati, N. O. & T. P. Railroad Co. v. McCollum, 105 Tenn., 623, 626, 59 S. W. 136; Allen v. Cherokee Motor Coach Co., (Tenn. App.), 100 S. W. (2d), 240, 242.

■ ■ But clearly defendant W. H. Kyte waived and abandoned his pleas in abatement below. When the plaintiffs read their declarations to the jury at the beginning of the trial, "the defendants entered a plea of not guilty" to each declaration, and made no reference at that time, or at any other time during the trial, to the pleas in abatement.

The trial judge charged the jury, in substance, that they were to try the issues made by the defendants' pleas of not guilty to plaintiffs' declarations, and he made no reference to the pleas in

abatement. In fact, we do not find any intimation in the record that the trial judge had any actual knowledge that the defendants, or either of them, had filed pleas in abatement.

Defendant W. H. Kyte did not request further instructions to the jury, or except to the charge of the court, either at the time it was delivered to the jury or thereafter, and he made no motion for a new trial. The trial judge will not be put in error for non-action upon a matter which was not properly brought to his attention. Fairbanks, Morse & Co. v. Gambill, 142 Tenn., 633, 638, 222 S. W., 5; Malone v. Searight, 8 Lea, 91, 94; Hamilton v. Carter, 14 Tenn. App., 337; Allen v. Cherokee Motor Coach Co., supra.

The assignments of error of W. H. Kyte are overruled.

Coming now to the questions arising on the record with respect to the judgments against Ruth Kyte:

It appears that summons for W. H. Kyte and Ruth Kyte was issued (in each of the four cases) to the sheriff of Wilson county and was duly served by him (or his deputy) upon W. H. Kyte in Wilson county, but the return of the sheriff of Wilson county stated that after diligent search Ruth Kyte was "not to be found" in his county. Thereupon, a counterpart summons for Ruth Kyte was issued (in each case) to Washington county, and was there served upon her. Prima facie this was sufficient to give the circuit court of Wilson county jurisdiction of the persons of both W. H. Kyte and Ruth Kyte. Code, sec., 8653; Turley v. Hornsby, 3 Lea, 264; Tennessee Cent. R. Co. v. Vanhoy, 143 Tenn., 312, 334, 226 S. W., 225.

Ruth Kyte filed a plea in abatement in each of the four cases, in which plea she averred, with much elaboration but in substance, that "no process was ever served upon her issuing from this court (the circuit court of Wilson county) in this cause"; that she is, and has been for her entire lifetime, a resident of Washington county, Tenn.; that she has never at any time been in Wilson county, Tenn.; that she has never had any business of any kind in Wilson county, Tenn.; that if W. H. Kyte was ever in Wilson county, Tenn., he was not there on any business or any mission for her.

At the foot of each of said pleas in abatement filed by Ruth Kyte there is a general demurrer thereto, signed by the attorneys for plaintiff, as follows: "The plaintiff comes and demurs to the above and foregoing plea in abatement."

No action of the trial court upon Ruth Kyte's pleas in abatement or the demurrers thereto was at any time had or invoked, and she waived and abandoned her pleas in abatement by the same course of conduct as that pursued by W. H. Kyte, as hereinbefore described.

Through her first assignment of error in this court Ruth Kyte asserts that the circuit court erred in proceeding with the trial of

said suits without disposing of her pleas in abatement; that the trial court should have overruled the demurrers to said pleas in abatement and sustained the pleas and dismissed plaintiffs' suits against her.

A brief, but conclusive, answer to this assignment is that the trial court was not asked to do any of these things, the pleas in abatement were not called to the attention of the trial judge, and defendant Ruth Kyte proceeded with the trial to its conclusion without objecting to the omission of consideration of her pleas in abatement, and is seeking for the first time to raise these questions in this court. For the reasons stated and upon the authorities hereinbefore cited in disposing of W. H. Kyte's assignments of error, the first assignment of error of Ruth Kyte is overruled.

Ruth Kyte's second assignment is that there is no evidence to sustain the verdict of the jury and the judgment of the court against her; and her third assignment is that the court erred in charging the jury as follows:

"I charge you that if you should find that W. H. Kyte is liable then you should also find that Ruth Kyte is liable and you should return a verdict against her also."

A motion for a new trial, not waived or abandoned in the trial court, is a necessary predicate of an assignment of error in the appellate court upon the evidence or the charge of the court. See Rules, William's Annotated Code, volume 7, pages 527 and 547.

It has been repeatedly held in this state that motion in arrest of judgment made before, or in combination with, a motion for a new trial, waives the later motion. Freeman v. Railroad Co., 107 Tenn., 340, 344, 64 S. W., 1, 2; Hall v. State, 110 Tenn., 365, 75 S. W., 716; Palmer v. State, 121 Tenn., 465, 489, 118 S. W., 1022; Pelican Assurance Co. v. Feed & Grocery Co., 122 Tenn., 652, 126 S. W., 1085; Feldman v. Clark, 153 Tenn., 373, 377, 284 S. W., 353.

The motion made by Ruth Kyte after verdict below is copied in the bill of exceptions and it is stated in the caption, or introductory paragraph thereof, that it is made as a motion for a new trial and also in arrest of judgment. Said motion contains seven numbered specifications of error, and two of these are appropriate to a motion in arrest of judgment and the remainder are appropriate to a motion for a new trial.

In Freeman v. Railroad Co., supra, the court said, "We are of opinion that the appellant [the railroad company] is not in position to question the findings of the jury upon the evidence. It appears that its motion for a new trial and in arrest of judgment were made at the same time and in the same motion. A motion for a new trial and in arrest of judgment cannot be made together and at the same time, and a motion in arrest of judgment is a waiver of a motion for a new trial."

It results that the only remaining assignment of error on behalf of Ruth Kyte for decision is her assignment that the trial court erred in overruling her motion in arrest of judgment, which was predicated upon the proposition that the declarations wholly failed to state any cause of action against her.

The plaintiffs averred in their respective declarations that the injuries for which they sued were caused by the negligence of W. H. Kyte while "driving and operating the automobile of Ruth Kyte;" and later, in their respective declarations, it is averred that "Ruth Kyte is a resident of Johnson City in Washington County, Tennessee, is the owner of the car which was at the time of the collision hereinbefore referred to, being driven by W. H. Kyte, her father, and that said car was being driven by the said W. H. Kyte with the knowledge and permission of the said Ruth Kyte."

These are the averments upon which the plaintiffs below sought to recover damages from Ruth Kyte for injuries inflicted by the negligence of W. H. Kyte.

There is no averment that W. H. Kyte was the servant or agent of Ruth Kyte and was operating said automobile for her use and benefit, upon her business, or within the course and scope of his employment as her servant or agent; and in the absence of such averments the declarations did not state a cause of action against Ruth Kyte. The true test is, "not permissive use, but use in the employer's business." Core v. Resha, 140 Tenn., 408, 415, 204 S. W., 1149, 1151; Goodman v. Wilson, 129 Tenn., 464-468, 166 S. W., 752, 51 L. R. A. (N. S.), 1116; Phillips-Buttorff Mfg. Co.. v. Mc-Alexander, 15 Tenn. App., 618, 624; Blashfield's Cyclopedia of Automobile Law, vol. 2, p. 1320, sec. 5.

Section 2702 of the Code provides, in substance, that proof of registration of a motor propelled vehicle in the name of any person shall be prima facie evidence that said vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of his employment; but this statute relates entirely to matters of evidence and does not dispense with the necessity for proper pleadings as an essential predicate of a judgment.

It is not stated in the declaration that Ruth Kyte was in the Kyte car at the time of the collision, or that W. H. Kyte was the servant or agent of Ruth Kyte. The averments are equally consistent with the theory that W. H. Kyte had borrowed the car from Ruth Kyte and was a mere bailee. In such case the bailor is not liable for injuries to third persons resulting from the bailee's negligent use of the automobile bailed. Fisher v. Fletcher, 191 Ind., 529, 133 N. E., 834, 22 A. L. R., 1392, 1395, and other cases there cited.

In Morgan County v. Payne, 207 Ala., 674, 93 So., 628,

30 A. L. R., 1243, (cited in 5 Am. Jur., p. 843), it was held that a mere allegation that the motor vehicle which was damaged was in the possession of the person named only raised the implication that he was in possession as a bailee. In the instant case, defendant Ruth Kyte did not demur to the declarations before trial, but at the close of the plaintiffs' proof in chief, she, through her attorney, "moved the Court to instruct the Jury to return a verdict in favor of the defendant, Ruth Kyte, because the declaration failed to allege that W. H. Kyte was in her employment at the time of the collision or that he was transacting business in the scope of his employment, or that he was on a mission for her at this time and further that the plaintiffs had failed to prove that he was an employee of Ruth Kyte or that he was transacting business in the scope of his employment, or that he was on a mission for her at the time of the collision; that the only proof before the Court was that the car was really registered as being the property of hers in Washington County and that there was no proof that she was in Wilson County at the time the collision took place."

This motion was overruled, and, although the record does not disclose the reasons which moved the trial judge to overrule the motion, it was proper that it should be overruled, for the reason that a motion for a directed verdict is designed solely for the purpose of making the question that there is no evidence upon which a verdict for the plaintiff could rest, and such motion will not lie for the purpose of testing the sufficiency of the plaintiff's declaration.

But, in this instance, the motion for a directed verdict pointedly and specifically challenged the attention of the plaintiffs to the defects in their declarations, but they made no effort (as they might have done at that stage of the trial) to amend their declarations.

As before stated, after verdict, defendant Ruth Kyte seasonably filed a motion in arrest of judgment, through which she asserted that the declarations did not state a cause of action against her, and she has assigned error here upon the action of the trial court in overruling this motion.

Under some circumstances, an imperfect statement of a cause of action will be cured by verdict. If the averments in a declaration contain a reasonable certainty of meaning and show a substantial cause of action, although defectively stated, and the defendant does not demur to the declaration, but goes to trial under the general issue, a motion in arrest of judgment after verdict will not avail him. In such case the defects in the averments will be presumed to have been supplied by the proof. Read v. Memphis Gayoso Gas Co., 9 Heisk. 545, 549, 550, and Memphis Gayoso Gas Co. v. Williamson, 9 Heisk., 314-324.

██ But the rule just stated applies only when there is an imperfect statement of a good cause of action—one wanting merely, in certainty and precision—and it will not cure want of title nor dispense with averments material to the plaintiff's right of action. Greer v. Bumpass, Mart. & Y., 94, 100; Tumley v. Clarksville & M. Railroad, 2 Cold., 327; Memphis St. Ry. Co. v. Flood, 122 Tenn., 56, 73, 113 S. W., 384; Southern Railroad Co. v. Maxwell, 113 Tenn., 464, 473-478, 82 S. W., 1137, 1140.

██ Omissions of "matters of substance, that go to the rights of parties and the merits of the case," are not cured by our statutes of jeofails (Code 1932, sec. 8729). Cannon v. Phillips, 2 Sneed, 185-191. In Southern Railroad Co. v. Maxwell, supra, the cases on the point were reviewed at length and the court concluded that where the declaration expressed no cause of action it cannot be aided by verdict; and (said the court), "Indeed, it cannot support a verdict, since there can be no lawful issue upon such a pleading, and without a lawful issue there can be no valid verdict."

██ And so, in the instant case, we are of the opinion that the declarations do not state a cause of action against Ruth Kyte, and that the trial court erred in overruling her motion in arrest of judgment.

It results that the judgments against the defendant Ruth Kyte are reversed, the verdicts against her are set aside and the plaintiffs' suits agaist her are all dismissed.

The judgments against W. H. Kyte are affirmed, and judgments will be entered against him and in favor of the four plaintiffs for the respective amounts awarded them below, with interest thereon from the date of said judgments, and for the costs accrued in the circuit court, and one-half the costs of the appeal. The remaining one-half of the costs of the appeal will be adjudged against the four plaintiffs below.

Crownover and Felts, JJ., concur.