STATE OF TENNESSEE *v.* FERGUSON.*

(*Nashville,* December Term, 1931.)

Opinion filed July 23, 1932.

---

*On arrest of judgment for insufficiency of evidence, see 15 R. C. L., 685.

W. F. BARRY, JR., Assistant Attorney-General, for plaintiff in error.

BENNETT ESLICK, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The jury found the defendant guilty of violating the age of consent statute. The trial court overruled the motion for a new trial, but arrested the judgment upon the ground that the testimony of the female in question was not corroborated. The trial court set out in the judgment that he adopted this procedure in order to avoid the time and expense of another trial, and at the same time afford the State the opportunity of having this court review the case upon its merits. While the motive of the trial court is a laudable one, it violates well established rules of pleading and practice and cannot, therefore, be sanctioned by this court.

By "arrest of judgment" is meant the act of staying judgment or withholding or refusing to render judg-

ment for errors appearing on the face of the record. Encyclopaedia of Pleading & Practice, vol. 2, p. 794; Caruther's History of a Lawsuit, p. 330. That is for errors appearing on the face of the technical record.

 The error relied upon on motion in arrest must be one which would have been fatal upon general demurrer. Encyclopaedia of Pleading & Practice, Id. 796, 819; Wharton's Criminal Pleading & Practice (9 Ed.), p. 527; *Hall* v. *State,* 110 Tenn., 365, 369. In this case it is said:

"A motion in arrest is much in the nature of a demurrer which goes to defects upon the face of the pleadings, and this common-law ruling requiring the motion in arrest to point out to the trial court matters complained of is in accordance with the spirit of our legislation as to demurrers."

In *Gass* v. *State,* 130 Tenn., 581, it is held: "Since arrest of judgment is proper only for some defect in the pleadings not cured by judgment, that the jury were erroneously told not to fix judgment when the indeterminate sentence act did not apply is not ground for arrest of judgment."

And in *Pierce* v. *State,* 130 Tenn., 24, 28, it is said: "Where the indictment is good on its face, a motion in arrest of judgment is of no avail. That motion does not reach matter appearing only in the evidence."

 Under the title "Criminal Law," we quote from 16 Corpus Juris, 1255, as follows:

"Matters of Evidence. The evidence in the case forms no part of the record, within the rule that a motion in arrest of judgment can be based only on matters of record; and hence defects which appear only by the aid of evidence cannot be the subject of such a motion.

"The improper admission or exclusion of evidence, not being a defect apparent on the record, is not ground for a motion in arrest of judgment.

"Sufficiency of evidence. The objection that the verdict is contrary to the evidence or is based on insufficient evidence cannot be urged in arrest of judgment. Such an objection should be taken advantage of by a motion for a new trial, or by a requested instruction."

The foregoing text is supported by a long list of decisions collected in the note thereunder.

This court, in *Sams* v. *State*, 133 Tenn., 188, made an exception to the general rule, and held that where it appeared from the evidence without dispute that the court was without jurisdiction, the judgment should have been arrested. In that case the accused was presented for carrying concealed weapons. On the trial it appeared without dispute that he was under sixteen years of age, and under chapter 58, Acts of 1911, jurisdiction was conferred exclusively upon the juvenile court. This court said that in these circumstances the proper practice was to arrest the judgment and transfer the case to the juvenile court. The jurisdictional question was raised both by motion for a new trial and in arrest of judgment. It would have been more accurate to have related the reversal to the motion for a new trial rather than to the motion in arrest of judgment. The case was properly reversed, however, because the court was without jurisdiction. Under our practice if the trial court is of the opinion that the verdict is not sustained by the evidence, all that he can do is to grant a new trial. In this situation

the State should not prosecute further unless additional evidence is available.

The case is reversed and remanded for further proceedings.