**Terry L. OVERTURF, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

March 14, 1977.

Carter Schoolfield, John B. Taylor, Chattanooga, for petitioner.

R. A. Ashley, Jr., Atty. Gen., J. Harvey Cameron, Asst. Dist. Atty. Gen., South Pittsburg, Etrula R. Trotter, Asst. Atty. Gen., Nashville, Thomas J. Evans, Chattanooga, for respondent.

## OPINION

HENRY, Justice.

This case involves a conviction on charges of automobile larceny and joyriding. We granted certiorari primarily for the purpose of considering and clarifying the procedures attendant to the proper use of the wayside bill of exceptions in a criminal trial. Related to this issue are several other procedural questions regarding a criminal defendant's right to a directed verdict in a case where the evidence is, at best, marginal.

### I.

Petitioner, Terry L. Overturf, along with a co-defendant, Hubert Dewayne Hargis, was indicted on charges of automobile lar-

ceny and joyriding. Specifically, the indictment charged that the defendants did "feloniously take, steal, and carry away, One (1) 1971 Volkswagen automobile . . . , *the personal property of Edna Harris.* . ." (Emphasis supplied).

Petitioner offered no proof at the trial. Instead, he moved for a directed verdict pursuant to § 40–2529, T.C.A. at the close of the State's case and again at the conclusion of his co-defendant's case. Both motions were denied and, as a result, petitioner was convicted and sentenced to not less than three (3) nor more than five (5) years in the penitentiary. In an order dated 20 January 1975, the trial court overruled petitioner's motion seeking a directed verdict of acquittal, but sustained his motion for a new trial,[1] stating "that the evidence in this case, is insufficient to warrant a conviction. . . ." A duly authenticated and timely filed wayside bill of exceptions was made a part of the record of these proceedings.

Subsequently, petitioner was again tried, his "Plea of Former Jeopardy" having been overruled by the trial court, and on 30 April 1975 he received a second conviction with a corresponding three (3) year indeterminate sentence. During the course of his second trial petitioner was again unsuccessful in seeking a directed verdict of acquittal based upon the sufficiency of the State's proof. At the conclusion of this second trial, petitioner's "Motion for New Trial and/or Directed Verdict" was overruled.

On appeal, petitioner asserted that the trial court erred in refusing to grant his *motion for a directed verdict during the first trial.* The Court of Criminal Appeals, Judge Galbreath dissenting, Judge Russell concurring in results only, held that petitioner's assignment directed to the sufficiency of the evidence in the first trial was not properly before that court on appeal, since it had not been specifically assigned as error in the second motion for new trial.

Petitioner contends that his wayside bill of exceptions made this alleged error in the

first trial a part of the case on appeal. Moreover, it is argued that a directed verdict in the first trial was mandatory in light of the trial judge's statement in his order granting the first motion for new trial that "the evidence . . . is insufficient to warrant a conviction."

## II.

Before discussing the specific issues presented by the instant case, we deem it appropriate to consider, generally, the nature of a wayside bill of exceptions and to clarify the proper procedures attendant to its use. It should be noted at the outset of this discussion that the procedures involving the use of a bill of exceptions, or wayside bill of exceptions, in criminal cases are identical to those pertaining to civil proceedings. See § 40–3404, T.C.A. Similarly, the form and contents of a wayside bill of exceptions are virtually identical to those of an ordinary bill of exceptions, the distinction being that the wayside bill refers to an earlier stage in the trial proceedings, or to a former trial.

As stated in Higgins and Crownover, Tennessee Procedure in Law Cases § 1895, 748 (1937):

[a] wayside bill of exceptions may be defined as a partial bill of exceptions since it does not embrace a history of the entire case. It is a bill that is taken for the purpose of preserving the history of what took place at an antecedent or a particular stage of the case, or at a term other than the trial term.

Essentially, the purpose of a wayside bill of exceptions is to preserve a record of the first trial proceedings, in the event that a party is unsuccessful after a subsequent trial and desires to seek appellate review with respect to specific action taken by the trial court in the previous trial. Caruther's History of a Lawsuit § 441, 500 (8th ed. 1963).

---

1. Petitioner's motion for a new trial and/or a directed verdict of acquittal does not appear in the Technical Record, although it is inferred from the trial court's "Order Sustaining Motion for New Trial" that such a motion was properly before that court.

A wayside bill of exceptions is proper, for example to preserve the action of the trial judge on the first trial in overruling the movant's motion for a directed verdict. By using a wayside bill of exceptions this, and all other errors arising in the first trial, can be assigned as error and considered on appeal. See *Oliver Mfg. Co. v. Slimp*, 139 Tenn. 297, 202 S.W. 60 (1918); *Barnes v. Noel*, 131 Tenn. 126, 174 S.W. 276 (1914). The action of the trial court in granting a new trial is also subject to review by use of a wayside bill of exceptions, provided, of course, the wayside bill contains all of the evidence heard on the previous trial and has been properly filed. Higgins and Crownover, *supra*, § 1897, 749. In addition, there are numerous other situations in which the use of a wayside bill of exceptions is necessary in order to properly raise an issue on appeal.[2]

The proper procedure regarding the use of a wayside bill of exceptions on appeal is most aptly described in the following excerpt from Caruther's History of a Lawsuit § 441, 500 (8th ed. 1963):

Where a wayside bill of exceptions has been taken and the proceedings on a former trial thus made a part of the record, when the case finally comes before the appellate court on appeal in error or writ of error from the final judgment, the *appellate court will first examine the record in the first trial independently and separately upon its own bill of exceptions.* (Emphasis supplied).

This means that where two bills of exceptions are presented on appeal the wayside bill of exceptions must be reviewed first, and without reference to the subsequent bill of exceptions. 2 Gibson's Suits in Chancery § 1278, 639 n.35 (5th ed. 1956). See also *Howell v. Wallace E. Johnson, Inc.*, 42

Tenn.App. 15, 298 S.W.2d 753 (1956); *City of Nashville v. Fox*, 6 Tenn.App. 653 (1928). Any other procedure would defeat the very purpose of the wayside bill of exceptions by allowing the appellate court to consider the lower court proceedings without regard to their proper sequence.

In outlining the correct procedure applicable under an early version of Section 27–108 et seq., T.C.A.,[3] which authorized the use of a bill of exceptions to the action of the trial court in granting a new trial, the Tennessee Supreme Court in *Railroad v. Scott*, 87 Tenn. 494, 11 S.W. 317 (1889), presented the following analysis of the wayside bill:

[W]hen the case finally comes before this Court on appeal from the final judgment, at the succeeding trial, [the correct practice is] to first examine the record of the first trial, so far as it concerns the action of the court in granting the new trial. If the trial judge has committed no error in allowing such a new trial (and very much is necessarily left to his decision, especially where he is dissatisfied with the verdict,) this Court will refuse to disturb this action thereon, and will pass to the consideration of the record of the second trial.

If, on the other hand, the trial judge has committed manifest error in setting aside the first verdict, this Court will *enter* judgment on such verdict, without looking *to the record of the succeeding trial or trials.* (Emphasis supplied). 87 Tenn. at 496, 11 S.W. at 318.

Thus, as the author of the Comment entitled, The Bill of Exceptions in Tennessee, 25 Tenn.Law Review 246, 259 (1958), explains:

[T]he wayside bill . . . offers a device whereby the proceedings of the first trial may be preserved, receiving priority

2. Included among such circumstances are the following: a mistrial; the granting or denial of a plea in abatement; the granting or denial of a change of venue; the granting or denial of an application for a physical or mental examination of a party; the granting or denial of a severance; or any other matter occurring in the previous trial which involves a considera-

tion of evidence. See Higgins and Crownover, Tennessee Procedure in Law Cases § 1896, 749 (1937). See also 25 Tenn.Law Review 246, 258 (1958).

3. Tenn.Public Acts of 1875, Ch. 106 codified at Mill. & V. Code (1884) §§ 3836, 3837.

on appeal over the transcripts and records of subsequent trials. The court can dispose of the case on the record of the first trial and may not be required to consider questions arising on the record of a subsequent trial.

We, therefore, re-affirm the previous decisions of this Court relevant to the proper procedures for using the wayside bill of exceptions, and hold that the procedure outlined *supra* is the correct method of handling a wayside bill of exceptions on appellate review.

In the present case the Court of Criminal Appeals held that petitioner's assignment within his second motion for new trial relating to errors which occurred at his first trial was insufficient, because the second new trial motion failed to specifically refer to the alleged errors occurring at the previous trial. In light of the foregoing discussion concerning the correct procedures for using the wayside bill of exceptions, the Court of Criminal Appeals' analysis is clearly incorrect. By filing a wayside bill of exceptions with respect to the first trial, petitioner preserved and made a part of the proceedings in this case on appeal his assignments of error relevant to that previous trial. His original motion for new trial relating to the wayside bill of exceptions remains just as viable on the present appeal as his subsequent motion for new trial relating to the bill of exceptions of his second trial.

### III.

Having discussed the procedures attendant to the proper use of the wayside bill of exceptions, the question then becomes whether the trial judge erred in refusing to direct a verdict at the close of petitioner's first trial?

This critical issue has not been addressed by the Court of Criminal Appeals. We, therefore, remand this action to that court for its consideration of this question.

Reversed and remanded.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.