Terry L. OVERTURF, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Oct. 10, 1978.

Kelly, Leiderman, Cameron & Kelly, J. Harvey Cameron, Jasper, for petitioner.

Linda Ross Butts, Asst. Atty. Gen., Nashville, for respondent; Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

The defendant, Terry L. Overturf, was convicted of grand larceny and received a sentence of three years imprisonment in the penitentiary. The Court of Criminal Appeals affirmed the judgment and the defendant petitioned this Court for certiorari.

Although other issues are raised, we deem it necessary to consider only the claim of the defendant that the lower courts erred in failing to sustain his plea of former jeopardy.

The defendant has been subjected to two trials for this offense and has been convicted at each trial. During the first trial in November, 1974, and at the conclusion of the introduction of evidence by the State the defendant moved the court for a directed verdict of acquittal upon the ground that the State's evidence was insufficient to warrant a conviction. The trial judge denied the motion but the defendant elected to stand upon it and did not introduce any evidence in his defense. However, his codefendant did introduce evidence and at the conclusion of all the evidence in the case the defendant again moved the court for a directed verdict of acquittal because of insufficiency of the evidence. Although the trial judge expressed grave doubt of the sufficiency of the evidence respecting the defendant, he elected to overrule the motion for a directed verdict of acquittal and submitted the case to a jury which returned a verdict of guilty. After the verdict the defendant again attacked the sufficiency of the evidence by "Motion For a New Trial and/or Directed Verdict" and also filed separately a "Plea of Former Jeopardy" as follows:

"Defendant for plea of former jeopardy, would show to the court that he has already been tried on this same identical charge in this court previously."

On January 20, 1975, the court considered both the defendant's motion for a new trial and/or directed verdict and his plea of former jeopardy. It overruled the motion for a directed verdict of acquittal and the plea of former jeopardy but proceeded to grant the defendant's motion for a new trial, making this finding:

"The Court, after hearing argument of counsel and after due consideration, is of the opinion, that the evidence in this case is insufficient to warrant the conviction in this cause, and that the motion for a new trial is well taken and should be sustained."

The defendant duly excepted to the action of the court, prayed an appeal to the Court of Criminal Appeals, which was for the time being denied, and obtained permission to file and did timely file a wayside bill of exceptions.

In due course the defendant was tried again in April, 1975, upon the same charge and was again found guilty and sentenced to the term of three years. Following this second judgment of conviction, the defendant filed another motion for a new trial and/or directed verdict in which he, among other errors, alleged that the court had erred in overruling his plea of former jeopardy. This motion was denied and defendant appealed.[1]

Prior to 1968 the trial judges of this State were not authorized by statute to direct verdicts of acquittal in criminal cases, although some judges were of the opinion that they possessed such a power as an inherent part of the judicial function and, accordingly, granted motions for directed

---

1. In the Court of Criminal Appeals the defendant asserted that the trial court had erred in denying his motion for a directed verdict of acquittal in the first trial, but the Court of Criminal Appeals refused to consider this contention on the ground that it was not contained in the motion for a new trial following the second trial and conviction. This Court, in

*Overturf v. State*, Tenn., 547 S.W.2d 912 (1977), held that the defendant had properly preserved the issue by wayside bill of exceptions and remanded the case to the Court of Criminal Appeals for its consideration on the merits. Upon the remand that court found no error in the judgment of conviction and affirmed it.

verdicts of acquittal without statutory authority. In 1968 the legislature enacted T.C.A., § 40–2529, which provided:

"*Directed Verdict.*—In a criminal prosecution the trial judge shall direct the jury to acquit the defendant if at the close of the evidence for the prosecution, or at the close of all the evidence, the court is of the opinion that the evidence is insufficient to warrant a conviction." [2]

It was this statute which the defendant invoked in the instant case.

Prior to the enactment of T.C.A., § 40–2529, it was considered that the only remedy available to the trial judge, when the evidence in a criminal case was, in his opinion, insufficient to support a conviction, was to grant the defendant a new trial. *State v. Ferguson*, 165 Tenn. 61, 52 S.W.2d 140 (1932).

Clearly, however, T.C.A., § 40–2529, fully authorized the trial judge to direct a judgment of acquittal when in his opinion the evidence is insufficient to warrant a conviction, whether at the close of the evidence for the prosecution or at the close of all the evidence.[3]

■ Moreover, in our opinion, when the evidence is insufficient to warrant a conviction the trial judge has no alternative but to direct a verdict of acquittal; in such a situation, it is no longer permissible for him to deny the motion for a judgment of acquittal and, after verdict, to grant a new trial instead. *See State v. Cabbage*, Tenn., 571 S.W.2d 832 (1978), decided and released along with this opinion. This is so because of the recent decisions of the United States Supreme Court in *Burks v. United States*, —— U.S. ——, 98 S.Ct. 2141, 57 L.Ed.2d 1 and *Greene v. Massey, Correctional Superintendent*, —— U.S. ——, 98 S.Ct. 2151, 57 L.Ed.2d 15, both decided June 14, 1978. In *Burks*, which was a federal prosecution, it was held:

"The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding."

And in *Greene*, a state prosecution, the court said:

"In *Burks v. United States*, —— U.S. ——, 98 S.Ct. 2141, 57 L.Ed. 1 decided today, we have held that the Double Jeopardy Clause precludes a second trial once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain the verdict. Since the constitutional prohibition against double jeopardy is fully applicable to state criminal proceedings, *Benton v. Maryland*, [395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)] we are bound to apply the standard announced in *Burks* to the case now under review."

■ The rule of the *Burks* and *Greene* cases, *supra*, applies only to those cases in which the conviction in the first trial is set aside because of insufficiency of the evidence; a second trial is not prohibited if the original conviction is set aside because of errors in the first trial other than insufficiency of the evidence. The Court in *Burks* stated:

"In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e. g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished (citation omitted).

"The same cannot be said when a defendant's conviction has been overturned due

---

**2.** This subject is now controlled by Rule 29, Tennessee Rules of Criminal Procedure.

**3.** The criterion by which the motion for acquittal should be determined is whether, consider-

ing the whole record, the evidence fails to establish guilt beyond a reasonable doubt. *See* Rule 13(e), Tennessee Rules of Appellate Procedure (Proposed).

to a failure of proof at trial, in which case the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble."

It is clear that the *Burks* and *Greene* rule is applicable to the case at bar since the only reason given by the trial judge for setting aside the original conviction and ordering a new trial was ". . . that the evidence in this case, is insufficient to warrant a conviction in this cause, . . ." Insufficiency of the evidence is the only error which the trial court found in the original trial and was the only ground upon which the new trial was ordered. In these circumstances it was error for the trial court to overrule the defendant's plea of former jeopardy and for the Court of Criminal Appeals to affirm that decision.

Accordingly, the judgment of the Court of Criminal Appeals and that of the trial court are reversed and the cause is remanded to the trial court for entry of a judgment of acquittal. Costs incurred on appeal are assessed against the State.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.