STATE of Tennessee, Appellee,

v.

Lewis Robert BRUCE, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

June 12, 1980.

Permission to Appeal Denied by Supreme Court Sept. 2, 1980.

Jay Fred Friedman, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Robert L. Jolley, Jr., Sr. Asst. Atty. Gen., Nashville, for appellee.

OPINION

DWYER, Judge.

This is an application for permission to appeal under Rule 9 of the Tennessee Rules of Appellate Procedure. In the appellant's application there is an authenticated transcript of the hearing at which the trial

court granted permission to appeal. From that record it appears that the appellant and a codefendant were tried for committing the offense of murder in the first degree. At the end of the State's proof in chief the appellant's motion for acquittal under Rule 29 of the Tennessee Rules of Criminal Procedure was overruled by the trial court. The appellant rested his case and offered no proof. The jury found the codefendant guilty but was unable to agree on a verdict as to the appellant, and the trial court declared a mistrial as to him.

The trial court, while not giving specifics in his order, relied on all three of the sections in Rule 9(a) for granting an appeal by permission. At the hearing on granting permission to appeal, the judge held that his overruling the appellant's motion for acquittal is properly subject to review under Rule 9 because the appellant then rested and a mistrial was declared when the jury could not agree on a verdict. He relied on these decisions of the Supreme Court of the United States and of this State's Supreme Court: *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Overturf v. State*, 571 S.W.2d 837 (Tenn.1978); and *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). We disagree with the trial court's conclusion. None of these authorities is applicable here since there has been no conviction. In short, the appellant has not been convicted or acquitted; thus, he may properly be retried in an entirely new proceeding. *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824); *State v. Witt*, 572 S.W.2d 913 (Tenn.1978).

The appellant will suffer no "irreparable injury", there will be no "needless, expensive, and protracted litigation", and there is no "need to develop a uniform body of law". Thus, none of the grounds listed in Rule 9(a) applies. Interlocutory appeal is inappropriate under these circumstances.

Permission to appeal is denied.

O'BRIEN and SCOTT, JJ., concur.