IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2001

## STATE OF TENNESSEE v. TROY WAYNE DAVIS

**Appeal from the Criminal Court for Knox County**
**No. 69318     Mary Beth Leibowitz, Judge**

_____

**No. E2000-03050-CCA-R3-CD**
**September 26, 2001**
_____

The defendant, Troy Wayne Davis, was convicted of aggravated assault. The trial court imposed a sentence of three years, to be served consecutively to a robbery sentence for which the defendant was on probation at the time of the aggravated assault. The single issue presented for review is whether the evidence is sufficient. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Mark E. Stephens, District Public Defender, and Paula R. Voss and Robert C. Edwards, Assistant Public Defenders, for the appellant, Troy Wayne Davis.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussmann, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Patti Cristil and Jennifer Welch, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Shortly after midnight on January 16, 1999, the defendant entered B.W.3, a Knoxville night club. Niko Burkhardt, a security officer posted at the door, noticed that the defendant had been drinking. Burkhardt allowed him to enter, however, explaining that the defendant "didn't look like he was . . . going to cause any problems." About 10 minutes later, after refusing the defendant's request for a drink, a bartender asked Burkhardt to remove the defendant from the club. When Burkhardt asked the defendant to leave, the defendant "slapped his hands on the bar and started to raise his voice." In response, Burkhardt said, "I don't want to cause a problem, I'm just simply asking, you need to, to leave." When Burkhardt placed his hand on the defendant's shoulder as they walked toward the door, the defendant said, "Please, don't touch me or I'll cut you."

Then, according to Burkhardt, he stepped back and saw the defendant place his hand in his pocket. Burkhardt testified that the defendant, before reaching the exit, turned around and swung a Swiss Army knife, blade exposed, in his direction. After that, Burkhardt testified, the defendant walked out the door and fell down the three exterior steps leading to the sidewalk. Burkhardt described the succeeding events as follows:

> [A]t that time I opened the door and told him to please be careful and have a good night. And then he turned around and came at the door, stabbing at the door . . . with the knife open. I locked the door . . . turned on my cell phone, dialed 911 . . . and told the 911 operator what was . . . happening.

Burkhardt, a brown belt in Karate, acknowledged that he was not afraid until the defendant stabbed at the door. After the defendant turned to walk away, Burkhardt followed him as he walked along West Jackson Avenue to a place called The Underground. Burkhardt remained outside the club, still on his cell phone with the 911 operator, until the officers arrived. Once officers arrived, he went inside and identified the defendant, who was sitting in a corner on a couch.

Shawn Cox, the security guard at The Underground, testified that he had frisked the defendant when he entered the bar. According to Cox, the defendant willingly surrendered his Swiss Army knife, which was not produced at the trial.

Captain Randall Lockmiller of the Knoxville Police Department assisted in the arrest of the defendant. He described the defendant as "very combative," explaining that "[i]t took three of us . . . to get him in custody and handcuffed . . . and put in the car."

In this appeal, the defendant, who did not testify at trial, complains that the trial court erred by refusing to grant a motion for judgment of acquittal based on the insufficiency of the evidence. He argues that the state failed to prove that the fear of the victim was reasonable or that the threat of bodily injury was realistic or imminent. The defendant bases this argument on the testimony of the victim, who stated that he was not in "fear" until the knife was stabbed into the door. The defendant maintains that the state was unable to prove that his purpose was to cause damage to the victim rather than the door.

> Rule 29 of the Tennessee Rules of Criminal Procedure provides, in relevant part, as follows: The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. . . .

Tenn. R. Crim. P. 29(a).

This rule empowers the trial judge to direct a judgment of acquittal when the evidence is insufficient to warrant a conviction either at the time the state rests or at the conclusion of all the

evidence. Overturf v. State, 571 S.W.2d 837 (Tenn. 1978). At the point the motion is made, the trial court must favor the opponent of the motion with the strongest legitimate view of the evidence, including all reasonable inferences, and discard any countervailing evidence. Hill v. State, 4 Tenn. Crim. App. 325, 470 S.W.2d 853 (1971). When the motion for acquittal is made at the conclusion of the state's evidence and is not granted, the defendant "may offer evidence without having reserved the right." Tenn. R. App. P. 29(a).

When considering a sufficiency question on appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

One commits assault when he "intentionally or knowingly causes another to reasonably fear imminent bodily injury." Tenn. Code Ann. § 39-13-101(a)(2). Assault becomes aggravated when an individual intentionally or knowingly commits an assault by using or displaying a weapon. Tenn. Code Ann. § 39-13-102(a)(1)(B).

Here, the victim testified that when the defendant came toward the door with the knife, "that scared me . . . and I was scared that he could possibly do that to somebody else that night." The state offered testimony that the defendant made a "slicing motion" toward the victim before he reached the exit door. There was no barrier between the two men at that point. In our view, the jury acted within its prerogative in determining that the defendant was guilty of aggravated assault, concluding from the circumstances that he caused reasonable fear to the victim by his use of the deadly weapon.

The defendant cites State v. Wilson, 924 S.W.2d 648 (Tenn. 1996), in support of his argument. In Wilson, our supreme court ruled that the defendant, who fired shots into a residence, could not be found guilty of aggravated assault unless the state could establish that the defendant was aware that the residence was occupied at the time. Our supreme court concluded that the aggravated assault statute, which requires proof of a mental element beyond the mere doing of the criminal act, was properly classified as requiring evidence of a special mens rea. Wilson is distinguishable from the facts in this case. Here, there was proof which established that the defendant intentionally committed the criminal act "for the purpose of causing the victim[] to fear imminent bodily injury." See Wilson, 924 S.W.2d at 651. Our holding is consistent with Wilson in that the defendant was

well aware that the victim was in an area of danger when he swung the Swiss Army knife toward him.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE