# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 18, 2012 Session

## STATE OF TENNESSEE v. JEFFREY WADE OSBORNE

**Appeal from the Circuit Court for Williamson County**
**No. II-CR124617      Timothy L. Easter, Judge**

---

**No. M2010-02281-CCA-R3-CD - Filed May 9, 2012**

---

The defendant, Jeffrey Wade Osborne, appeals his Williamson County Circuit Court bench trial conviction of felony failure to appear, *see* T.C.A. § 39-16-609, arguing that his trial should not have occurred while competency proceedings were still pending and that the trial court erroneously denied a motion for judgment of acquittal made at the close of the State's proof. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN, J., joined. JERRY L. SMITH, J., not participating.

William P. Holloway (on appeal); and Sandra Wells (at trial), Franklin, Tennessee, for the appellant, Jeffrey Wade Osborne.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Kim R. Helper, District Attorney General; and Laura Kate Yaeger, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 7, 2009, a Williamson County grand jury charged the defendant with one count of felony failure to appear stemming from the defendant's failure to attend an August 12, 2009 hearing in general sessions court. On September 23, 2010, the defendant waived his right to a jury trial, pleaded not guilty to the charge, and submitted to a bench trial before the Williamson County Circuit Court.

Linda Kincaid, Deputy Clerk of the Williamson County General Sessions Clerk's Office, testified that court dockets showed that the defendant attended a July 9, 2009

initial appearance in general sessions court where the court advised the defendant of his next court date, August 12, 2009. Ms. Kincaid testified that the docket entries from August 12, 2009, reflected that the defendant failed to appear on that date. Accordingly, a clerk forwarded the defendant's file to the general sessions court judge, who in turn issued a "failure to appear" capias for the defendant's arrest. Ms. Kincaid testified that, although she was not the actual clerk who worked in the courtroom on July 9, the regularly maintained docket record showed that the defendant had appeared in court and, through normal courtroom procedures, was advised of his next court date setting.

James Stafford, a judicial assistant for the Williamson County General Sessions Court, testified that he was responsible for "calling the docket" on August 12, 2009. He said that each name on the docket is announced at least two times in case a defendant appears after the first announcement. He recalled that the defendant did not respond to the "docket call" on August 12. Thus, he signed an affidavit in support of an arrest warrant charging the defendant with failure to appear attesting to the defendant's absence. Mr. Stafford agreed that a defendant may sometimes be told the wrong court date, but he added that such mistakes did not happen often.

With this proof, the State rested its case. The defendant then moved the trial court to enter a judgment of acquittal. *See* Tenn. R.Crim. P. 29. Following the trial court's denial of the motion for judgment of acquittal. The defendant testified.

In his testimony, the defendant admitted that he appeared for court on his first date, July 9, but that he "didn't make the second one." The defendant explained that he "was waiting on a[n inheritance] check" so that he could leave money with his wife to provide for his family's needs while in jail. He admitted, "I knew it wasn't okay [to miss court] . . . , but I didn't realize it was going to turn into all of this." On cross-examination, the defendant admitted his familiarity with the criminal justice system and that he served 20 years in prison before being released in October 2007. The defendant said that he had been arrested five times since his release. The defendant also acknowledged that he ultimately received the inheritance check while in jail after he was "brought in" by the United States Marshal Service for the failure to appear charge in this case and other charges.[1] The defendant took full responsibility for not appearing in court on August 12, but he told the trial court, "I was waiting on a check and I was going to turn myself in."

The defendant did not renew his motion for judgment of acquittal at the close of the proof. Further, the parties presented no argument concerning the case. The trial court

---

[1] From the defendant's testimony, we determine that the defendant ultimately garnered multiple failure to appear charges in addition to the one pertinent to this appeal.

found that the defendant's waiting on a check was not a "reasonable excuse" for failing to appear and convicted the defendant as charged. *See* T.C.A. § 39-16-609(b)(2) ("It is a defense to prosecution [for failure to appear] that . . . [t]he person had a reasonable excuse for failure to appear at the specified time and place.").

On appeal, the defendant argues that the trial court erred by conducting a trial during the pendency of competency proceedings ordered by the general sessions court and by denying his motion for judgment of acquittal made at the close of the State's proof. The State contends that the defendant has waived each of these issues. We will address the parties' arguments in turn.

*Competency*

The defendant contends that the trial court should not have conducted his trial given the unresolved competency evaluation that had been ordered by the general sessions court. The State argues that the defendant waived this issue by failing to present it to the trial court and that the record contains no evidence concerning any pending competency evaluation.

Following the filing of the State's brief, the defendant filed a motion to supplement the record on appeal with pleadings and reports from the general sessions court indicating that a competency evaluation was performed at the general sessions court level, that an expert determined the defendant to be competent concerning other charges, but that the expert did not make a determination concerning the failure to appear charge in this case because he did not know the *mens rea* of the offense. We note that the trial court record contains no pleadings concerning the competency evaluation performed at the general sessions court level and that these supplemented materials were not made known to the trial court during the pendency of the matter in the circuit court. As such, we question the propriety of their inclusion in the record on appeal. *See State v. Rogers*, 188 S.W.3d 593, 610-11 (Tenn. 2006) (matters not considered by the trial court are not "'properly includable'" in the appellate court record). Also, the record reflects that the defendant did not raise the issue before the trial court at any time prior to submitting to the bench trial on the failure to appear charge. This failure resulted in a waiver of the issue before the trial court. *State v. Estes*, 655 S.W.2d 179, 182 (Tenn. Crim. App. 1983) ("Counsel's failure to insure that the matter of competency was settled before trial amounted to a waiver of that issue."); *see also State v. Michael Ortiz*, W2005-00474-CCA-R3-CD (Tenn. Crim. App., Jackson, Feb. 8, 2006); *see also* Tenn. R.App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

*Denial of Motion for Judgment of Acquittal*

Next, the defendant contends that the trial court erred by denying his motion for judgment of acquittal made at the close of the State's proof. The State argues that the defendant waived this issue by presenting proof and that the evidence is sufficient to support the defendant's conviction for felony failure to appear.

The defendant made only one motion for judgment of acquittal – at the close of the State's proof. He then testified and did not renew his motion for judgment of acquittal at the close of his proof or, as previously discussed, in a motion for new trial. Rule 29 of the Tennessee Rules of Criminal Procedure provides, in relevant part, as follows:

> The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

Tenn. R.Crim. P. 29(a).

This rule empowers the trial judge to direct a judgment of acquittal when the evidence is insufficient to warrant a conviction either at the time the State rests or at the conclusion of all the evidence. *See generally Overturf v. State*, 571 S.W.2d 837 (Tenn. 1978). At the point the motion is made, the trial court must favor the opponent of the motion with the strongest legitimate view of the evidence, including all reasonable inferences, and discard any countervailing evidence. *Hill v. State*, 470 S.W.2d 853, 858 (Tenn. Crim. App. 1971).

The State correctly notes that the defendant chose to offer proof following the trial court's denial of this motion for judgment of acquittal at the close of the State's proof. As such, he has waived his right to appeal the denial of this motion. *See Finch v. State*, 226 S.W.3d 307, 317 (Tenn. 2007) (declining to revisit the waiver rule promulgated in *State v. Mathis*, 590 S.W.2d 449, 453 (Tenn. 1979)); *see also State v. Johnson*, 762 S.W.2d 110, 121 (Tenn. 1988); *State v. Ball*, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998). Because the standard by which the trial court determines a motion for judgment of acquittal is, in essence, the same standard which applies on appeal in determining the sufficiency of the evidence after a conviction, *State v. Anderson*, 880 S.W.2d 720, 726 (Tenn. Crim. App. 1994), and would result in a dismissal of the conviction if ruled insufficient, we consider the sufficiency of the evidence to support the defendant's conviction in spite of the defendant's waiver of his claim surrounding the motion for judgment of acquittal.

We review a claim of insufficient evidence mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.*. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id*.

Tennessee Code Annotated section 39-16-609 provides, in pertinent part:

> It is unlawful for any person to knowingly fail to appear as directed by a lawful authority if the person:
> . . . .
> (4) Has been lawfully released from custody, with or without bail, on condition of subsequent appearance at an official proceeding or penal institution at a specified time or place.

T.C.A. § 39-16-609(a)(4). "It is a defense to prosecution . . . that . . . [t]he person had a reasonable excuse for failure to appear at the specified time and place." *Id*. at § 39-16-609(b)(2).

Because the defendant claims on appeal that the trial court erred by denying the motion for judgment of acquittal made at the close of the State's proof, his argument on appeal fails to acknowledge his very own admissions concerning the offense. The procedural posture of the case, as previously discussed, does not limit this court to a review of the State's evidence only. At trial, the defendant candidly admitted that he knew his court date and chose not to appear, opting instead to wait on an inheritance check to arrive in the mail. The trial court found that the defendant's excuse for not appearing was not reasonable. General sessions court personnel testified concerning the normal court procedures and docket entries. The defendant's testimony affirmed the court personnel's testimony and provided no reasonable excuse for his failure to appear. Accordingly, we conclude that the evidence sufficiently established the defendant's conviction.

*Conclusion*

The defendant waived any issue concerning competency by failing to present the issue to the trial court. The defendant also waived any issue concerning the trial court's denial of his motion for judgment of acquittal made at the close of the State's proof. Furthermore, sufficient evidence exists to support the defendant's conviction. Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE