IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 3, 2015

**STATE OF TENNESSEE v. GERALD DEWAYNE TRIPLETT**

**Appeal from the Circuit Court for Madison County**
**No. 14453      Roy B. Morgan, Jr., Judge**

_____

**No. W2015-00163-CCA-R3-CD  -  Filed December 29, 2015**

_____

Defendant, Gerald Dewayne Triplett, appeals his conviction for one count of being a felon in possession of a firearm.  Defendant raises the following issues on appeal: (1) that the trial court erred in its evidentiary rulings with regard to hearsay statements and impeachment of a witness with a prior inconsistent statement; (2) that the evidence is insufficient to sustain his conviction; and (3) that the trial court erred in denying his motion for judgment of acquittal.  Based upon our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Andrea Sipes Lester, Jackson, Tennessee, for the appellant, Gerald Dewayne Triplett.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jerry Woodall, District Attorney General; and Rolf G.S. Hazelhurst, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

_Factual and Procedural Background_

This is Defendant's direct appeal of his conviction for being a felon in possession of a firearm.

On September 2, 2014, the Madison County Grand Jury indicted Defendant on one count of aggravated assault, one count of unlawful possession of a weapon, and one count of being a felon in possession of a firearm.[1]  On September 11, 2014, the State filed a motion to nolle prosequi the count of unlawful possession of a weapon, which was granted by the trial court.

At trial, the State presented the testimony of the extremely reluctant victim, Sonda Triplett, the estranged wife of Defendant.  Ms. Triplett admitted that she drove to her mother-in-law's house on November 29, 2013, in order to see her children.  While she was in the driveway talking to her children, Defendant drove up in a car belonging to his mother and parked directly behind her car.  Defendant confronted Ms. Triplett, and they exchanged some words.  Because Defendant's car was blocking the driveway, Ms. Triplett drove away through the front yard.  According to the police report, Defendant went back to the car he had been driving, retrieved a black handgun, and pointed it at Ms. Triplett.

Ms. Triplett and her daughter both called the police, and Ms. Triplett was still at the scene when the police arrived.  Ms. Triplett testified at trial that she did not see a gun in Defendant's hand, despite the statement she gave to police indicating otherwise.  The State used the statement in the police report, which Ms. Triplett signed, as a prior inconsistent statement to impeach Ms. Triplett's trial testimony.  She testified that other witnesses at the scene had told her that Defendant had a gun, and that the statement in the police report was a compilation of the statements of several witnesses.  Ms. Triplett denied that the Defendant said, "Bitch, I'm going to kill you," but she did recall Defendant's telling her that she was trespassing.  Ms. Triplett also denied seeing her son jump in front of Defendant and say, "Don't kill my mom."  Ms. Triplett eventually admitted telling the police that Defendant ran back to his car, pulled out a gun, and pointed it at her as she was driving away, though she later clarified that she had "seen something" but did not know what it was.  Ms. Triplett denied that she was in fear.

On cross-examination, Ms. Triplett again stated that there were several people in the yard and that the statement in the police report was a compilation of all of their statements.  On redirect examination, Ms. Triplett admitted that she instructed the officer to search Defendant's mother's car.  Ms. Triplett also admitted that the car that the officer searched was the car that Defendant had been driving.

---

[1] Defendant was initially indicted in case number 14-238, and the State subsequently re-indicted him in this case (case number 14-453).  The proceedings of the prior case were transferred to this case, but the prior indictment is not included in the record on appeal.

The State next presented the testimony of Officer Kelvin Hulsey of the Jackson Police Department. Officer Hulsey testified that on November 29, 2013, he was dispatched around 1:00 p.m. on a disturbance involving a handgun. When the officer arrived on the scene, Defendant was sitting on the porch of the residence, approximately fifteen to twenty feet away from the car. Officer Hulsey described Ms. Triplett as upset and "a little scared" when he arrived on the scene. Officer Hulsey testified that he took the victim's statement, placed Defendant under arrest, and then searched the car. Officer Hulsey explained that witnesses at the scene reported that Defendant had been driving the car, that Defendant had not gone into the house, and that a black handgun "had to be in the car still." Officer Hulsey found a black Springfield Armor .40 caliber semiautomatic handgun in the car's glove box. The gun was loaded with a 12-round magazine, and an additional 12-round magazine was next to the gun in the glove box.

On cross-examination, Officer Hulsey admitted that he did not check to see who the car was registered to, though he recalled Defendant's saying that it was his mother's car. Officer Hulsey denied knowing how many people had access to the car. Officer Hulsey had to "jimmy" the lock to get into the car, causing a little bit of damage; Officer Hulsey did not attempt to contact Defendant's mother before searching the car. Officer Hulsey also did not attempt to determine who the gun was registered to, and the gun was not fingerprinted.

The State entered into evidence a copy of the judgment sheet of Defendant's 1987 conviction for an aggravated assault committed with a knife.

At the close of the State's case, Defendant made a motion for judgment of acquittal. The trial court granted the motion with respect to the aggravated assault charge, finding that the State had failed to prove at least two essential elements when Ms. Triplett denied seeing the gun and denied being in fear. The trial court denied the motion with respect to the charge of being a felon in possession of a firearm. Defendant waived his right to testify and did not present any proof.

The jury convicted Defendant as charged of one count of being a felon in possession of a firearm. The trial court held a sentencing hearing on October 14, 2014, and sentenced Defendant as a Range I, standard offender to three years to serve at thirty percent. Defendant filed a motion for new trial on October 27, 2014. The trial court held a hearing on December 8, 2014, and entered and order denying the motion of January 13, 2015. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court erred in its evidentiary rulings regarding the victim's prior inconsistent statement and other hearsay. Defendant also challenges the sufficiency of the evidence and argues that the trial court erred in denying his motion for judgment of acquittal with regard to the charge of being a felon in possession of a firearm.[2]

## I. Evidentiary Rulings

Defendant argues that the trial court improperly admitted hearsay during the testimony of Officer Hulsey and that the trial court erred in permitting the State to read the victim's statement to the jury. The State responds that there was no error in the admission of evidence at trial.

Initially, we note that Defendant did not include citations to the record in this portion of his appellate brief. The Rules of Appellate Procedure require that the argument section of briefs include "citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." Tenn. R. App. P. 27(a)(7). Defendant risks waiver of this issue for failing to cite to the relevant portions of the record. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). However, the State did not argue for waiver of this issue. Therefore, we will address this issue on the merits.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). Hearsay is generally not admissible. Tenn. R. Evid. 802. "Our rules of evidence provide for the admission of hearsay statements, however, pursuant to the exceptions set forth in Rules 803 and 804." *State v. Davis*, 466 S.W.3d 49, 61 (Tenn. 2015). Although the definition of hearsay "appears straightforward, many statements can be offered to prove more than one thing." *Pylant v. State*, 263 S.W.3d 854, 870 (Tenn. 2008).

With regard to a trial court's rulings with regard to hearsay, our supreme court has recently announced the following standard of review:

> The standard of review for rulings on hearsay evidence has multiple layers. Initially, the trial court must determine whether the statement is hearsay. If the statement is hearsay, then the trial court must then determine whether the hearsay statement fits within one of the exceptions. To answer these questions, the trial court may need to receive evidence and hear testimony.

---

[2] For the purpose of clarity, we have reordered the issues as raised by the Defendant in his brief.

When the trial court makes factual findings and credibility determinations in the course of ruling on an evidentiary motion, these factual and credibility findings are binding on a reviewing court unless the evidence in the record preponderates against them. Once the trial court has made its factual findings, the next questions—whether the facts prove that the statement (1) was hearsay and (2) fits under one the exceptions to the hearsay rule—are questions of law subject to de novo review.

*Kendrick v. State*, 454 S.W.3d 450, 479 (Tenn. 2015) (internal citations omitted), *cert. denied*, 2015 WL 5032354 (U.S. Oct. 13, 2015).

### A. *Hearsay During Officer Hulsey's Testimony*

Defendant asserts that the trial court erred in allowing the State to read portions of the victim's statement during the testimony of Officer Hulsey. The State argues that the trial court properly sustained Defendant's objection at trial and that the State abandoned this line of questioning and did not ask Officer Hulsey any other questions about what Ms. Triplett told him. Upon our review of the transcript, we agree with the State.

The State asked Officer Hulsey if he interviewed Ms. Triplett and asked, "At the very beginning, what was the first thing she said?" Defense counsel objected before Officer Hulsey could respond. The trial court held a bench conference and instructed the State that it could only ask Officer Hulsey about specific statements Ms. Triplett denied having made. Thereafter, the State did not ask Officer Hulsey any further questions about what Ms. Triplett told him.

Extrinsic evidence of a prior inconsistent statement by a witness is admissible if the witness denied having made the statement. Tenn. R. Evid. 613(b). The trial court properly ruled that the State could not ask Officer Hulsey about statements Ms. Triplett admitted making. Additionally, the State did not ask Officer Hulsey about any of the statements Ms. Triplett made, even those she denied. Therefore, this evidence never came in, and there was no error.

Defendant also argues that the trial court erred in permitting Officer Hulsey to testify as to statements made to him by witnesses regarding the location of the gun. The State responds that the statement was not offered for the truth of the matter asserted, but rather to explain why Officer Hulsey searched the particular car that he did. This Court has previously held that "when the statement was admitted to show an officer's reason for doing something based on the statement, the statement is admissible because the testimony is not being offered to prove the truth of the matter asserted by the out-of-court declarant," assuming that the elicited information is relevant. *State v. Tony Curtis Holmes*, No. W2007-02733-CCA-R3-CD, 2009 WL 3047007, at *4 (Tenn. Crim. App.

Sept. 24, 2009) (citing *State v. Miller*, 737 S.W.2d 556, 559 (Tenn. Crim. App. 1987)), *perm. app. denied* (Tenn. Mar. 15, 2010). In this case, Officer Hulsey testified that he searched the car because the witnesses indicated that it was the car that had been driven by Defendant and that "the gun had to be in the car still." We agree that this statement was not offered to prove the truth of the matter asserted; therefore, it is not hearsay and there was no error.

## B. Impeachment of Ms. Triplett with her Prior Inconsistent Statement

Defendant argues that the trial court erred in allowing the State to read portions of Ms. Triplett's statement in the police report. The State responds that it did not read Ms. Triplett's statement into evidence, but rather used it to impeach her testimony. We agree with the State.

Extrinsic evidence of a witness's prior inconsistent statement is admissible only if "the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require." Tenn. R. Evid. 613(b). Generally, evidence of a prior inconsistent statement is "admissible only for the purpose of impeachment and not as substantive evidence." *State v. Kiser*, 284 S.W.3d 227, 266 (Tenn. 2009). However, the evidence may be used as substantive evidence if the additional requirements of Tennessee Rule of Evidence 803(26) are met. A prior statement is considered inconsistent if "a witness claims at trial to be unable to remember" the events that were the subject of the prior statement. *Davis*, 466 S.W.3d at 64.

In this case, the State heavily used Ms. Triplett's statement to the police in order to impeach her trial testimony. The State asked Ms. Triplett whether she remembered the various details of the incident as she had related them to the police. The State also asked Ms. Triplett whether she made each prior statement, thereby giving her the "opportunity to explain or deny" each statement. The State attempted to have Ms. Triplett read her statement to the jury, but the trial court sustained Defendant's objection. The trial court instructed the State that it could only offer extrinsic evidence of statements which Ms. Triplett denied having made. There was no error, and Defendant is not entitled to relief.

## II. Sufficiency of the Evidence

Defendant argues that the evidence presented at trial was insufficient to convict him of the offense of being a felon in possession of a firearm. Specifically, Defendant argues that there was no proof that he possessed the handgun because Ms. Triplett denied personally seeing him with the gun and the car it was found in was not registered to him. The State argues that the evidence is sufficient. We agree with the State.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury's verdict replaces the presumption of innocence with one of guilt; therefore, the burden is shifted onto the defendant to show that the evidence introduced at trial was insufficient to support such a verdict. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002). The prosecution is entitled to the "strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom." *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). It is not the role of this Court to reweigh or reevaluate the evidence, nor to substitute our own inferences for those drawn from the evidence by the trier of fact. *Reid*, 91 S.W.3d at 277. Questions concerning the "credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact." *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012) (quoting *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn.2008)). "A guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." *Reid*, 91 S.W.3d at 277 (quoting *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997)). This standard of review applies whether the conviction is based upon direct evidence, circumstantial evidence, or a combination of the two. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011); *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009).

Under Tennessee Code Annotated section 39-17-1307(b)(1)(A), it is an offense for a person who "[h]as been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon" to possess a firearm. In order to be convicted under this section, the State must prove "(1) the Appellant possessed a handgun and (2) was previously 'convicted of a felony involving the use or attempted use of force, violence or a deadly weapon.'" *State v. Ronald Killebrew*, No. W2003-02008-CCA-R3-CD, 2004 WL 1196098, at *2 (Tenn. Crim. App. May 26, 2004) (quoting T.C.A. § 39-17-1307(b)(1)(A)).

In this case, there is no dispute that Defendant was convicted in 1987 of aggravated assault and that the assault was alleged to have been committed with a knife, a deadly weapon. The only issue is whether the Defendant was in possession of the handgun. Possession may be either actual or constructive. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001). Constructive possession requires proof that a person had "the power and intention at a given time to exercise dominion and control over [the weapon] either directly or through others." *Id*. (quoting *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997)). In essence, constructive possession is the ability to reduce an object to actual possession. *State v. Brown*, 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995).

"Elements of possession for purposes of constructive possession are questions of fact for the jury and are rarely susceptible to direct proof." *Ronald Killebrew*, 2004 WL 1196098, at *3.

In *Ronald Killebrew*, this Court found the evidence sufficient to sustain a conviction of being a felon in possession of a weapon on remarkably similar facts to this case:

> The evidence presented at trial showed that Memphis police officers responded to a call at the Bluff City Barbecue. Upon arrival, there were fifteen to twenty people present in the parking lot. The police spoke with the complainant. The officers were informed that they were searching for a black handgun and were directed towards the Appellant, who appeared to be intoxicated. When the officers could not locate a weapon on the Appellant's person or in the general area, they asked bystanders at the scene for assistance. They were led to the Appellant's vehicle, which the Appellant admitted belonged to him. After the Appellant consented to a search of his vehicle, Officer Gibbs found a black nine-millimeter handgun under the front passenger seat. Upon release of the safety the weapon was "ready to fire," as it had one live round in the chamber and seven other live rounds in the magazine.

*Id.* at *2. This Court found that the jury, by its verdict, rejected the testimony of the defendant's wife that she had purchased the gun and placed it in the vehicle without the defendant's knowledge. *Id*. at *3.

In this case, the handgun was found in the car Defendant was driving. Although the car was registered in his mother's name, Defendant never denied that he was driving that car. Ms. Triplett testified that Defendant drove up in that car and that she saw him get something out of that car. When the car was searched, a loaded semiautomatic handgun was found in the glove box. Though Ms. Triplett denied seeing Defendant in possession of the gun, she stated that her children told her he had a gun, and Defendant did not object to this testimony at trial. *See State v. Smith*, 24 S.W.3d 274, 280 (Tenn. 2000) ("When a party does not object to the admissibility of evidence, though, the evidence becomes admissible notwithstanding any other Rule of Evidence to the contrary, and the jury may consider that evidence for its 'natural probative effects as if it were in law admissible.'")(quoting *State v. Harrington*, 627 S.W.2d 345, 348 (Tenn. 1981)). Even though the gun was not in Defendant's actual possession by the time the police arrived, the jury, by its verdict, found that the gun was in Defendant's constructive possession. Therefore, the evidence is sufficient to support Defendant's conviction for being a felon in possession of a firearm.

### III. *Motion for Judgment of Acquittal*

Defendant argues that the trial court erred when it denied his motion for judgment of acquittal with regard to the charge of being a felon in possession of a firearm. The State responds that Defendant did not provide a sufficient record of the arguments on the motion for this Court to be able to review his claim. We agree with the State.

Defendant is required to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). The transcript of the trial does not include the arguments of counsel made in support of the motion for judgment of acquittal, only the trial court's ruling on the motion. Without a record of the arguments presented to the trial court, this Court cannot review Defendant's claim that the trial court erroneously denied his motion. *See State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005); *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993). Therefore, this issue is waived.

Even if we were to consider this issue on the merits, Defendant would still not be entitled to relief. Rule 29(b) of the Tennessee Rules of Criminal Procedure "empowers the trial judge to direct a judgment of acquittal when the evidence is insufficient to warrant a conviction either at the time the [S]tate rests or at the conclusion of all the evidence." *State v. James*, 315 S.W.3d 440, 455 (Tenn. 2010) (citing *Overturf v. State*, 571 S.W.2d 837, 839 & n.2 (Tenn. 1978)). The standard by which the trial court determines a motion for judgment of acquittal is identical to the standard which applies on appeal in determining the sufficiency of the evidence after a conviction. *Id.* at 455. Because we have already determined that the evidence is sufficient to support Defendant's conviction, the trial court did not err in denying his motion for judgment of acquittal.

### *Conclusion*

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE